S12Y1163, S12Y1164. IN THE MATTER OF BERYL B. FARRIS
(two cases).
(727 SE2d 503)

Per curiam.

These matters are before the Court on the Report of the Special Master, Alex Crumbley, in which he recommends that the Court accept the Petition for Voluntary Discipline filed by Respondent Beryl B. Farris (State Bar No. 255925) to resolve the two disciplinary matters pending against her after the issuance of Formal Complaints in State Disciplinary Board docket nos. 5870 and 5871. The special master held an evidentiary hearing in 5871 but before he could hold a second hearing in 5870, Farris filed her petition in which she sought a public reprimand, with conditions, for her violations of Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum punishment for a violation of Rule 1.3 is disbarment, and for Rule 1.4 it is a public reprimand. The State Bar recommends that the Court accept the petition, with the conditions to which Farris agreed: within six months of this Court's acceptance of her petition Farris will schedule an evaluation by the State Bar's Law Practice Management Program ("LPMP"), ensure that the LPMP visits her office and makes a full evaluation and report, and ensure that the LPMP forwards its report to the Office of the General Counsel of the State Bar ("OGC"); and within the same six months she will complete five hours of continuing legal education on the subject of attorney-client relations and similar matters focusing on attorney-client communication, and she will report completion of that education to the OGC. Farris did not seek a Review Panel review, and therefore, is deemed to have waived any right to file exceptions before this Court. See Bar Rule 4-217 (c).

In each of these cases Farris undertook to represent clients in immigration matters. In the first one she violated Rules 1.3 and 1.4 by not acting with reasonable diligence in updating her client's status with the United States Citizenship and Immigration Services ("USCIS"), not timely responding to USCIS' requests or filing proper documents on a timely basis, not informing her client about the status of the case, and not appearing at a hearing. In the other case, she violated Rule 1.4 by not ensuring that her client understood and agreed to the scope of the work she planned to perform, did not clarify the limits on the scope of the representation she would provide, and failed to explain the effect and ramifications of the expiration of her client's visa on his ability to remain and work in the United States.

The special master found in mitigation of punishment that Farris has been a member in good standing with the State Bar since 1977 with no prior disciplinary actions; she attached to her petition

numerous affidavits from colleagues and others attesting to her good character and dedication to her clients and the profession. Having reviewed the record, we conclude that a public reprimand is an appropriate sanction in these cases, and we therefore accept the petition for voluntary discipline. Accordingly, the Court hereby orders that Beryl B. Farris receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c), and that she satisfy the conditions set forth above.

*Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.*

DECIDED MAY 7, 2012.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Wilson, Morton & Downs, James E. Spence, Jr.*, for Farris.