In the Supreme Court of Georgia

Decided:     November 3, 2014

S14Y1950.  IN THE MATTER OF JERRY WAYNE MONCUS.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Jerry Wayne Moncus (State Bar No. 515690); the petition was filed before the State Bar petitioned for the appointment of a special master, see Bar Rule 4-227.  Moncus seeks the imposition of a Review Panel reprimand based on his failure to communicate adequately with a client he was representing in civil litigation.

Moncus, who was admitted to the Bar in 1992, admits in his petition that in July 2008 he was retained by a client and filed a civil complaint on the client's behalf in October 2008.   At the time Moncus was a sole practitioner with only one full time employee involved in communicating with clients on his behalf.  Early in the discovery phase, the defendant produced documents that had a significant adverse effect on his case.  Nevertheless, the client elected to proceed with the case.  Moncus had difficulty getting the client to respond to

discovery, writing several letters to which he received no response; the client asserted that he did not receive the letters. When the defendant filed a motion for summary judgment, Moncus informed the client by letter. Although the client responded to Moncus's letter, the client did not authorize Moncus to respond to the motion. The trial court granted the motion in 2010. In January 2011, the defendant filed a separate abusive litigation action against the client, and Moncus represented the client without charge in that action. A jury returned a verdict against the client for $6,300 in general damages and $3,700 in punitive damages, which was less than the plaintiff's cost of defense in the original action.

Moncus admits that he could have done more to communicate with the client about the predictable length and processes of litigation; to convey the potentially grave negative effects of failing to respond to discovery; to convince the client to defend the summary judgment motion; and to convey the seriousness of the potential consequences of not responding. He admits that he should have made a greater effort to contact the client by phone or other available methods. Alternatively, Moncus states that, in hindsight, it would have been better to withdraw as the client's counsel.

Based on this conduct, Moncus admits that he violated Rule 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for violation of Rule 1.4 is a public reprimand. Moncus offers as mitigating factors that he had no dishonest or selfish motive, that he made a timely good faith effort to rectify the consequences of the misconduct by representing the client without charge in the abusive litigation action in which he was able to reduce what could have been a larger judgment against the client; that he has displayed a cooperative attitude towards the disciplinary proceeding and has made full and free disclosure to the Investigative Panel and the Office of General Counsel; that he has a good reputation in the legal community; that he has always been involved in indigent criminal defense work and is one of only a few attorneys that offers pro bono assistance to the Georgia Legal Services Program with their representation of individuals needing domestic representation; that he has a reputation for honest and diligent representation of his clients; and that he is open with his clients and does not exaggerate the client's ability to obtain the desired results. Finally, he states that he deeply regrets his actions and has taken steps to avoid similar failures in the future by hiring an additional part-time person, by expanding the information

3

required in his initial intake form to ensure more adequate communication abilities, by transferring records to a central data base, by initiating a flagging system, by establishing a written checklist for the each type of case he handles, by establishing a policy for review of inactive cases, by eliminating the deletion of any client information or files, and by establishing an automatic archiving of all records.

As aggravating factors, Moncus notes that he received a formal letter of admonition in February 2011 and a public reprimand in February 2013, In the Matter of Moncus, 291 Ga. 767 (2012). Moncus requests a Review Panel reprimand, but states that he will accept a public reprimand.

The State Bar does not dispute the facts regarding the misconduct and confirms that Moncus was fully and promptly cooperative and forthcoming to the Bar's numerous inquiries, including an independent forensic examination of Moncus's computer systems in light of the client's belief that Moncus recently created some of the letters he said he had sent the client during the initial representation. The State Bar states that the interests of the public and the Bar would be served by accepting the petition and imposing a reprimand.

Having reviewed the petition and response, the Court agrees that a public

4

reprimand is the appropriate sanction in this matter, and we therefore accept the petition for voluntary discipline.

Accordingly, the Court hereby orders that Moncus receive a public reprimand in open court pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c) for his admitted violation of Rule 1.4.

<u>Petition for voluntary discipline accepted. Public reprimand. All the Justices concur</u>.