296 Ga. 438
FINAL COPY

S14Y1387. IN THE MATTER OF TANYA YVETTE BROCKINGTON.

PER CURIAM.

This disciplinary matter is before the Court on the Notice of Discipline seeking a Review Panel reprimand for Respondent Tanya Yvette Brockington (State Bar No. 259287). The Sheriff attempted to serve Brockington with the Notice of Discipline but was unable to find her at her address on file with the State Bar and, therefore, submitted a return of service non est inventus. The State Bar served Brockington by publication in accordance with Bar Rule 4-203.1 (b) (3) (ii), but she failed to file a Notice of Rejection, see Bar Rule 4-208.3 (a). Accordingly, she is in default, has waived the right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court, see Bar Rule 4-208.1 (b).

The facts, as deemed admitted by the default, show that a client hired Brockington to represent her in an immigration matter. The client paid Brockington a retainer and funds for a filing fee to prepare and file a "stand alone" I-601 waiver. Brockington did not realize that an I-601 waiver could not be filed as a "stand alone," however, and that an I-130 application must be filed

as a companion to the I-601, which the immigration judge explained to Brockington at the November 8, 2012 hearing. Brockington subsequently attempted to file the companion I-130, but neglected to include the filing fee so that the United States Department of Immigration and Customs Service returned the proffered filing to her. The client called Brockington several times to inquire about the status of the matter, but Brockington did not return the client's calls. Brockington did not appear at another hearing before the immigration judge on March 7, 2013 because of her dispute with the client about the amount of attorney fees required to handle the matter, thus causing further delay in the federal government's consideration of the client's case. Consequently, the client discharged Brockington and hired new counsel to pursue her case. Brockington acknowledged service of the Notice of Investigation, but did not respond until more than 30 days later. By her conduct Brockington has violated Rules 1.2, 1.3, 1.4 and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The Investigative Panel recommends a Review Panel reprimand as punishment for Brockington's violations. The maximum punishment for a violation of Rules 1.2 and 1.3 is disbarment, and for Rules 1.4 and 9.3, a public reprimand. In mitigation, the Investigative Panel notes Brockington's lack of

a prior disciplinary history.

We have reviewed the record and agree that a Review Panel reprimand is the appropriate sanction in this matter. Accordingly, we hereby order that Brockington receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b).

Review Panel reprimand. All the Justices concur.

Decided January 20, 2015.

Review Panel reprimand.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.