296 Ga. 439
FINAL COPY

S14Y1732. IN THE MATTER OF MAURICE BROWN.

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the special master, William Morgan Akin, recommending that the Court accept the First Amended Petition for Voluntary Discipline filed by Respondent Maurice Brown (State Bar No. 088853).  In the petition, Brown admits that he violated Rules 1.2 (a), 1.3, 1.4 and 1.16 (d) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), and he requests a Review Panel or public reprimand.  This Court rejected Brown's first petition for voluntary discipline in which he sought a Review Panel reprimand, see In the Matter of Brown, S08Y2039 (January 12, 2009).  Violation of Rules 1.2 and 1.3 may be punished by disbarment, and violation of Rules 1.4 and 1.16 may be punished by a public reprimand.  The State Bar objected to Brown's amended petition and contended that the appropriate level of discipline should include the possibility of a suspension. The special master recommends a Review Panel reprimand. Neither party requested review by the Review Panel so they have waived their right to

file exceptions or request oral argument in this Court, see Bar Rule 4-217 (c).

In his petition, Brown admits that he was appointed to represent a client in post-conviction matters in a criminal case; he filed a motion for new trial and an amended motion but did not contact his client or advise him of the appointment until ten months after he was appointed; he only saw his client at the motion for new trial hearing; due to a new job, he filed a motion to withdraw before the motion for new trial was ruled on without discussing it with his client or serving the client with a copy of the motion to withdraw; he did not know whether the court granted the motion and did not have any further contact with his client nor provide him with a new address and telephone number or his file and transcripts; and he did not file a timely sworn response to the Notice of Investigation filed in this matter. By his conduct, Brown admits he violated the rules set forth above and asks the Court to impose discipline in the range of a Review Panel or public reprimand. Brown received a confidential reprimand from the Investigative Panel in April 2008, and an interim suspension in this matter from November 27 to December 12, 2007, for failing to respond to the Investigative Panel in a timely manner.

The special master agrees that Brown's conduct violated the rules as

alleged and admitted. In mitigation, he notes the absence of a selfish or dishonest motive, because Brown represented his client throughout oral argument of the amended motion for new trial and, in filing the motion to withdraw, mistakenly thought he had completed his professional responsibility to the client. The special master found that Brown's failure to consult with his client and serve him a copy of the motion to withdraw was the result of a misunderstanding of his professional responsibility and inattention rather than dishonesty or selfishness. Brown also had personal and emotional problems during this time because he lost a significant portion of his practice due to changes in how Fulton County handled appointment of counsel for indigent defendants. Although he did not reply to the grievance in this matter, after the Formal Complaint was filed, Brown has cooperated fully with disciplinary authorities and admitted the conduct forming the basis of his petition. The special master also noted that Brown also demonstrated a good reputation in the community through affidavits of the current and former District Attorneys for Cobb County, by whom he is now employed, and the special master found that Brown was remorseful for his conduct, and embarrassed and disappointed that he did not properly communicate with his client or ensure that successor counsel

was in place before he withdrew. The special master recognized that Brown's first petition was rejected but he stated that none of the above-recited mitigating factors were contained in that petition, and he does not believe that Brown's failure to file a more thorough original petition should deprive him of the appropriate discipline based on all the facts and matters in mitigation. The special master states that he carefully considered the State Bar's suggestion of suspension, but he disagrees because the affidavits of Brown's employers show that, since the events in this case, Brown has proven himself to be a valued participant in the administration of criminal justice, and in light of his remorse and the quality of his work since then, it is unlikely that Brown will repeat the conduct admitted in his petition. Accordingly, the special master concluded that a suspension, or even a public reprimand, would be unnecessarily harsh to fulfill the purposes of Bar discipline, and he recommends a Review Panel reprimand, which is a form of public discipline that will not interrupt Brown's continuing work in the Cobb County criminal justice process but will inform other lawyers and the public that the Court will not tolerate the failure to communicate with an incarcerated client and ensure that the representation of such person is continuous.

Having reviewed the record and considered the previously omitted mitigating factors, we agree with the special master that a Review Panel reprimand is the appropriate sanction in this matter. Accordingly, we accept Brown's First Amended Petition for Voluntary Discipline and hereby order that he receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b).

Petition for voluntary discipline accepted. Review Panel reprimand. All the Justices concur.

Decided January 20, 2015.

Review panel reprimand.

Wilson, Morton & Downs, James E. Spence, Jr., for Brown.

Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar, for State Bar of Georgia.