301 Ga. 227
FINAL COPY

S17Y0422.  IN THE MATTER OF THOMAS E. STEWART.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel of the State Bar, recommending that Thomas E. Stewart (State Bar No. 681875), who has been a member of the Bar since 1995, receive a Review Panel reprimand for two violations of the Rules of Professional Conduct arising out of his representation of a family of Mexican citizens in their immigration cases. The special master, Patrick E. Longan, recommended a public reprimand, the Bar sought disbarment or suspension, and Stewart sought a Review Panel reprimand. Ultimately, we find that a public reprimand is an appropriate level of discipline for Stewart's conduct.

The State Bar filed its formal complaint in September 2014, alleging violations of Rules 1.2, 1.3, 1.4, 5.3, and 5.5 (a) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2, 1.3, 5.3, and 5.5 is disbarment. The maximum sanction

for a violation of Rule 1.4 is a public reprimand. Following a lengthy evidentiary hearing, the special master entered a detailed report and recommendation on May 13, 2016, setting forth the following findings of fact: A family of Mexican citizens entered the United States legally but chose to remain illegally. In 2008, the father asked Stewart's non-lawyer assistant for help in hiring an attorney to represent the family in connection with their immigration cases. That same year, the son married a United States citizen, and the non-lawyer assistant helped the son and his wife prepare the documentation necessary to start the process for the son to obtain legal status. The assistant also signed Stewart's name to the necessary papers without Stewart's knowledge or permission and did not immediately tell Stewart he had done so. In January 2009, Stewart was hired by and met with the family. During that meeting, he did not ask the daughter whether she had been a victim of a crime when, in fact, she had been and would have been eligible to apply for a "U Visa," which, if approved, would have entitled her to remain in the United States for a certain amount of time. And while Stewart discussed the possibility of the daughter filing a "cancellation of removal" form known as "42B," the special master ultimately found that Stewart never planned to file a 42B for the daughter (even

2

though he withdrew her asylum request) and erroneously filed one for the father, who was not eligible for such relief. The special master also found that between the January 2009 meeting and March 2013, when the daughter collected her file from Stewart and hired new counsel, Stewart did not communicate directly with her or the family and that all communication went through Stewart's non-lawyer assistant.

In March 2011, the father died, and Stewart did not contact the family to discuss the effect that the father's death had on their immigration cases and did not inform the Immigration Court of the father's death. In June 2011, Immigration and Customs Enforcement announced a policy of prosecutorial discretion under which certain immigration cases would be treated as "low priority" and "administratively closed" as a matter of prosecutorial discretion. The special master found that the mother and daughter informed Stewart's non-lawyer assistant that they were not interested in taking advantage of that policy of prosecutorial discretion because it would not convey legal status and that Stewart took no effort to communicate further with them about it. Then, in June 2012, President Obama announced the policy of Deferred Action for Childhood Arrivals ("DACA"), a program for which the son and daughter were excellent

3

candidates. The special master found that although Stewart did not personally inform the son and daughter about DACA, his non-lawyer assistant informed the daughter about it and also told her what documents she would need to collect for DACA; however, the non-lawyer assistant failed to inform her that without the documentation to apply for DACA, she would have no means of avoiding an order of deportation at her February 2013 hearing in Immigration Court. At the February 2013 hearing, the daughter had no alternative but to accept an order of voluntary departure from the United States. The daughter subsequently hired new counsel to try and reopen her immigration case and to apply for DACA. The rest of the family also fired Stewart.

With regard to Stewart's efforts to ensure his non-lawyer assistant's conduct was compatible with Stewart's professional responsibilities, Stewart testified that he gave his assistant checklists of what the assistant was allowed to do and met with him regularly about Stewart's cases. As to Stewart's supervision of his non-lawyer assistant, the special master found that the evidence was mixed since Stewart testified at the hearing that he tried his best to monitor his assistant's work but in his deposition testified that he never monitored his assistant's work.

The special master found that Stewart violated his duties of consultation and communication under Rules 1.2 and 1.4, but did not violate Rule 1.3 because he did not "wilfully abandon" or "wilfully disregard" a legal matter entrusted to him or fail to act with a reasonable degree of promptness in these clients' immigration matters. The special master also concluded that the State Bar failed to show by clear and convincing evidence a violation of Rules 5.3 or 5.5 (a) in Stewart's dealings with his non-lawyer assistant, particularly where the record showed that Stewart instructed his non-lawyer assistant not to practice law, that the non-lawyer assistant helped the son apply for legal status without Stewart's knowledge or permission, that Stewart severely reprimanded his assistant for this conduct, and that the non-lawyer assistant had not done anything similar since then. The special master further found that although Stewart directed his non-lawyer assistant to help the client family with the completion of their yearly work permits, there was insufficient evidence to establish that what the assistant did constituted the practice of law or that Stewart helped his assistant in rendering these services. The special master noted that the State Bar did not cite any authority that the non-lawyer assistant's essentially ministerial acts (taking passport pictures, helping the family complete

5

forms, collecting the necessary fees, and filing documents with the appropriate authority) constituted the practice of law in Georgia. Thus, the special master concluded that the State Bar failed to show that Stewart violated Rule 5.5 (a).

After considering the ABA Standards for Imposing Lawyer Sanctions, see In the Matter of Finley, 268 Ga. 251, 255 (488 SE2d 74) (1997), the special master found that Stewart acted merely with negligence, and that although the evidence did not support the conclusion that Stewart engaged in a pattern of neglect in his failures to consult and communicate sufficiently with these clients, it nevertheless showed that he caused injury because his failures to consult and communicate with the daughter left her with no choice at the February 2013 hearing but to accept an order of voluntary departure and because the daughter had to hire new counsel in an attempt to protect her interests. In aggravation of discipline, the special master pointed to the vulnerability of the clients and Stewart's substantial experience in the practice of law. In mitigation, the special master noted Stewart's lack of a dishonest or selfish motive, the negligent nature of Stewart's violations of Rules 1.2 and 1.4, Stewart's remorse, and the fact that Stewart engaged in interim rehabilitation when he stopped taking immigration

6

cases and ended the employment of his non-lawyer assistant.[1] Thus, the special master concluded that a reprimand was appropriate under ABA Standard 4.43 (reprimand "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client") and that the reprimand should be public given the aggravating factors.

The Bar filed exceptions to the report and recommendation of the special master, seeking disbarment or suspension and a finding that Stewart also violated Rules 1.3, 5.3, and 5.5. Stewart then filed a response to the Bar's exceptions, requesting that the Review Panel adopt the special master's report and recommendation. In the end, the Review Panel essentially accepted the vast majority of the special master's findings and conclusions, but unlike the special master, it recommended that Stewart receive a Review Panel reprimand rather

---

[1] The special master acknowledged that Stewart has a prior disciplinary record. Stewart received a Formal Letter of Admonition in 2002 for violating Rule 1.15 (I) by depositing settlement funds into his operating account, although there was no allegation that he misappropriated those funds. Later that year, he was suspended for eighteen months for his violation of Rule 8.4 (a) (3) in connection with his misdemeanor conviction involving a crime of moral turpitude (solicitation of sodomy with a potential domestic relations client). Then, in 2013, he received a Formal Letter of Admonition for a violation of Rule 5.5 for signing a pleading for a colleague in a case in Nevada.

than a public reprimand for his violations.

We find no error in the determinations of the special master and the Review Panel that the Bar failed to prove by clear and convincing evidence that Stewart violated Rules 1.3, 5.3, and 5.5. We likewise find no error in their determinations that Stewart violated his duties of consultation and communication under Rules 1.2 and 1.4, that his conduct caused the daughter actual injury, and that his conduct was the result of negligence. Moreover, given the specific facts of this case, including the mitigating and aggravating factors, we find that a public reprimand is an appropriate level of discipline for Stewart's violations. See In the Matter of Moncus, 296 Ga. 154 (765 SE2d 358) (2014) (public reprimand for violation of Rule 1.4 where attorney had prior disciplinary history); In the Matter of Farris, 291 Ga. 98 (727 SE2d 503) (2012) (public reprimand, plus attendance at Law Practice Management Program, for violations of Rule 1.3 and 1.4). Accordingly, we hereby order that Thomas E. Stewart receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c).

Public reprimand. All the Justices concur, except Melton, P. J., who concurs in judgment only.

8

Decided May 15, 2017.

Public reprimand.

Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar, for State Bar of Georgia.

Wilson, Morton & Downs, James E. Spence, Jr., for Stewart.