301 Ga. 264
FINAL COPY

S16Y1147, S16Y1153, S16Y1154, S16Y1155, S16Y1156, S16Y1157.
IN THE MATTER OF S. QUINN JOHNSON (six cases).

PER CURIAM.

These disciplinary matters are before the Court on the Report and Recommendation of Special Master John J. Tarleton, who recommends that this Court accept the petition for voluntary discipline of S. Quinn Johnson (State Bar No. 120573), filed after issuance of a formal complaint, pursuant to Bar Rule 4-227 (c). Johnson acknowledged that his conduct in these six disciplinary matters violated Rules 1.3, 1.4, 1.5, 1.15 (I), 1.16 (d), and 5.5 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.3, 1.15 (I), and 5.5 is disbarment, while the maximum sanction for a violation of Rules 1.4, 1.5, and 1.16 (d) is a public reprimand. Johnson's petition sought a suspension of between 31 and 91 days.

As part of his petition for voluntary discipline, Johnson, who joined the Bar in 2008, made the following admissions regarding his conduct. As to Case No. S16Y1147, Johnson acknowledged that he was hired by a client in October

2010 to represent that client in a suit alleging copyright infringement, and accepted $1,000 from the client as an advance for costs and expenses. Johnson filed the copyright infringement action on the client's behalf, and, in response to the motion to dismiss filed by the defendant in that suit, sought and obtained an extension of time in which to file a response to that motion. Johnson came to doubt that this client could provide the specifics necessary to sustain his claims, and, apparently as a result of that doubt, failed to seek a second extension of time to respond to the motion to dismiss. Johnson admitted that he failed to adequately communicate with his client during the period preceding the expiration of the granted extension of time, failed to communicate his decision to withdraw from the representation of the client, and failed to withdraw from his representation before the client hired new counsel to handle the matter.

In Case No. S16Y1153, Johnson was hired to represent clients in preparing and filing copyright registrations before the U. S. Patent and Trademark Office and received a $1,040 payment for those services and the associated filing fee. Johnson acknowledged that he did not perform the services for which he was hired and failed to adequately communicate with his clients. Johnson further allowed that he should have informed the clients that

2

he was unable to complete the work for which he was hired and should have returned to them the funds he had been paid, but failed to do either of those things in a timely manner. Finally, Johnson admitted that he failed to participate in the disciplinary process associated with this matter. With regard to Case No. S16Y1154, Johnson was hired to represent clients in general intellectual property matters and to prepare and file a particular patent registration, and was paid $2,130 for that representation. Johnson admitted that he did not perform the services for which he was retained, that he did not adequately communicate with his clients, and that he should have informed the clients of his inability to complete the agreed-upon tasks and should have refunded the funds paid to him.

Next, as to Case No. S16Y1155, Johnson acknowledged that he received a notice of investigation in June 2013, but did not recall having received the Bar's motion for an interim suspension or this Court's order granting that motion and suspending Johnson, see In the Matter of S. Quinn Johnson, S14Y0328 (November 26, 2013). During the pendency of that suspension, Johnson filed a notice of appearance and pleadings on behalf of a client in magistrate court, before being informed by the chief judge of that court that the documents could not be filed because of Johnson's suspension. Johnson then

informed his client that he could not represent her. In Case No. S16Y1156, Johnson was hired by another client seeking representation in a copyright infringement matter, and was paid $5,000 for that representation. Johnson filed a complaint in the matter, obtained an extension of time to complete service of process, and dismissed all but one of the defendants before his communications with the client broke down and Johnson began to believe that the client's claims could not be sustained. Johnson admitted that he did not adequately communicate with the client and that the case languished for an inordinate amount of time before Johnson withdrew from the representation. Finally, in Case No. S16Y1157, Johnson was hired to represent a client in a personal injury action, prepared and filed a complaint in the action, and eventually accepted the settlement offer of the defendant in that case. Nevertheless, Johnson acknowledges that the action remained pending for some time prior to the settlement of the client's claims, that he negotiated costs of third-party medical providers prior to obtaining the client's consent to do so, and that, in his communications with the client, he failed to ensure that he included all of the claims that the client intended to be included in the settlement.

In aggravation, the special master notes that Johnson received a letter of

4

formal admonition in February 2012 and points to three instances between February 1, 2013 and June 30, 2014 in which this Court suspended Johnson for his failure to respond to notices of investigation from the Bar, see In the Matter of S. Quinn Johnson, S13Y0719, S13Y0720, S13Y0721 (February 1, 2013); In the Matter of S. Quinn Johnson, S14Y0328 (November 26, 2013); In the Matter of S. Quinn Johnson, S14Y1447 (June 30, 2014). The special master further notes in aggravation that Johnson has multiple offenses and has engaged in a pattern of misconduct. In mitigation, the special master notes that Johnson did not have a selfish or dishonest motive; that, during the time in which these disciplinary matters arose, Johnson experienced personal and emotional problems and that the resultant anxiety and depression had a detrimental effect on his practice; that Johnson has explained his plans to provide restitution to three of the six former clients at issue; that he is active in, and has a good reputation among, the legal community; and that he has expressed remorse for his actions leading to these disciplinary matters and for his failure to participate proactively in the disciplinary process. The special master recommends that Johnson receive a 90-day suspension, with conditions on reinstatement. Neither Johnson nor the Bar filed exceptions to the special master's report.

5

Having reviewed the record, we conclude that Johnson's petition for voluntary discipline is due to be rejected in light of the aggravating factors present with regard to these matters. Of particular relevance to our decision to reject this petition are the facts that Johnson has been involved in multiple instances of improper conduct involving the abandonment of legal matters entrusted to him by clients, that he has retained fees paid to him in association with these matters, that he has failed to make full and proper restitution to clients affected by his abandonment, and that he has been the subject of numerous prior instances of discipline, including a prior letter of admonition and three prior suspensions. Taken together, these factors militate against our acceptance of this petition, and we therefore reject Johnson's petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.

Decided May 30, 2017.

Petition for voluntary discipline.

Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant

<u>General Counsel State Bar</u>, for State Bar of Georgia.