302 Ga. 3
FINAL COPY

S17Y1811.  IN THE MATTER OF LAKEISHA TENNILLE GANTT.

PER CURIAM.

This disciplinary matter is before the Court on special master J. Thomas Morgan III's report and recommendation in which he recommends that this Court accept the petition for voluntary discipline filed by Respondent Lakeisha Tennille Gantt (State Bar No. 142126) pursuant to Bar Rule 4-227 (c) after the State Bar filed a Formal Complaint and impose a public reprimand as discipline for Gantt's admitted violation of Rules 1.2, 1.3, and 1.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).[1] The maximum penalty for a violation of Rules 1.2 and 1.3 is disbarment, while the maximum penalty for a violation of Rule 1.4 is a public reprimand.

In her petition, Gantt, who has been a member of the State Bar of Georgia since June 2005, admitted that in September 2007, a client retained Gantt to

---

[1] The Formal Complaint filed in this matter also accused Gantt of violations of Rules 1.1 and 8.4 (a) (4). Although the maximum penalty for a violation of either of those Rules is disbarment, Gantt denied violating those Rules, and the State Bar agreed that the evidence likely would not support those claims.

represent her in a civil matter arising from an incident where the parking brake on an unoccupied asphalt truck had disengaged, causing the truck to roll across the client's front lawn and into her house. The home incurred extensive damage, causing the client and her minor children to move out while repairs were performed. Although no physical injuries were noticed or reported, the client believed that her children had suffered emotional damage from the incident. Gantt assisted the client in obtaining compensation for the repairs to the residence, loss of personal property, temporary lodging, and some meals. In August 2009, Gantt timely filed a lawsuit on behalf of the client individually and on behalf of the client's minor children. After the defendants answered the complaint and some initial written discovery was conducted, Gantt decided to voluntarily dismiss the lawsuit without prejudice, knowing that it could be refiled. So, on or about April 30, 2010, she dismissed the suit, but she admits that she did not adequately communicate with the client about her intent to do so or about the actual dismissal, and that she never filed a renewal lawsuit. Consequently, some of the claims of the client's minor children were barred.

Gantt admitted that her actions violated Rules 1.2, 1.3, and 1.4, but argued that a public reprimand was a sufficient sanction in light of the absence of any

aggravating factors and the presence of many factors in mitigation, including, no prior disciplinary history; the absence of a selfish motive; personal and emotional problems, which required medical treatment and counseling, and which may have contributed to her behavior; cooperation during these disciplinary proceedings; relative inexperience in the practice of law at the time of these infractions; and good character, integrity, and reputation, as evidenced by letters submitted from two attorneys who know Gantt. See In the Matter of Brockington, 296 Ga. 438 (768 SE2d 458) (2015) (Review Panel reprimand for violation of Rules 1.2, 1.3, 1.4, and 9.3 in connection with one client matter); In the Matter of Brown, 296 Ga. 439 (768 SE2d 456) (2015) (Review Panel reprimand for violation of Rules 1.2 (a), 1.3, 1.4, and 1.16; attorney had prior discipline, but many mitigating factors present). The State Bar responded, indicating that it agreed with Gantt's positions on the violations and on the aggravating and mitigating factors and that it believed that acceptance of the petition would best serve the interests of the public and the Bar. The special master agreed with Gantt's and the State Bar's views of the violations, as well as the aggravating and mitigating factors. He found that ABA Standard 4.43 (reprimand generally appropriate when a lawyer is negligent and does not act

with reasonable diligence in representing a client and causes injury or potential injury to a client) was applicable to Gantt's admitted conduct, and concluded, in light of the mitigating factors, that Gantt's requested public reprimand was an appropriate level of discipline in this case.[2]

Having reviewed the record, we agree that Gantt's admitted facts are sufficient to support a finding that she violated Rules 1.2, 1.3, and 1.4 of the Georgia Rules of Professional Conduct and that in light of the mitigating factors a public reprimand is an appropriate level of discipline for Gantt's violations. Therefore, we accept Gantt's petition for voluntary discipline and order that she receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c).

Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.

---

[2] We note that the special master found that information regarding one mitigating factor was shared with the State Bar, but was not formally produced to the special master, and that the special master specifically found that viewing this information was not necessary to his recommendation; thus, the information was not included in the record submitted to this Court. While in this case, like the special master, we find that evidence regarding this mitigating factor is not necessary for a determination of the appropriate level of discipline, we caution the State Bar and special masters that the record supplied to this Court must be complete so as to provide a proper basis for a determination of appropriate discipline.

Decided August 28, 2017.

Public reprimand.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.

Warren R. Hinds, for Gantt.