303 Ga. 156
FINAL COPY

S18Y0511.  IN THE MATTER OF DONALD EDWARD SMART.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the imposition of a Review Panel reprimand on Donald Edward Smart (State Bar No. 653526).  The State Bar served Smart by mail, and Smart returned the acknowledgment of service but did not file a Notice of Rejection.  Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Smart's default, show that Smart, who was admitted to the Bar in 2003, represented a client and the client's son before the Georgia Department of Education to ensure the client's son had access to special education services and support as a result of the son being diagnosed with learning disorders.  A hearing was scheduled for June 20, 2016, with the witness and exhibit lists due June 13, 2016.  Smart did not file the

witness list until June 14, 2016, and the hearing officer granted the opposing party's motion for involuntary dismissal, but also indicated that the client would be allowed to testify because the hearing officer wanted to hear his testimony. Smart, however, informed his client that there was no need to appear at the hearing because he intended to move for voluntary dismissal without prejudice. However, Smart filed the voluntary dismissal after the deadline for doing so, and the hearing officer dismissed the matter with prejudice on June 20, 2016.

Based on these facts, the Investigative Panel found probable cause to believe that Smart violated Rules 1.1, 1.2 (a), 1.3, and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.1, 1.2, and 1.3 is disbarment, and the maximum sanction for a violation of Rule 1.4 is a public reprimand.

In aggravation of discipline, the Investigative Panel found that Smart had substantial experience in the practice of law and that he had a selfish motive when he failed to inform his client that, despite the matter being dismissed due to Smart's mistake, the hearing officer wanted to hear the client's testimony. In mitigation, the Investigative Panel noted that Smart had no prior disciplinary history.

Having reviewed the record, we conclude that a Review Panel reprimand is the appropriate sanction in this matter. See In the Matter of Brockington, 296 Ga. 438 (768 SE2d 458) (2015) (attorney in default after failing to respond to notice of discipline; Review Panel reprimand for violation of Rules 1.2, 1.3, 1.4, and 9.3 in representing one client in immigration matter; no prior disciplinary history); In the Matter of Brown, 296 Ga. 439 (768 SE2d 456) (2015) (petition for voluntary discipline accepted; Review Panel reprimand for violation of Rules 1.2 (a), 1.3, 1.4, and 1.16 representing one client in post-conviction criminal matter; attorney had prior discipline, but many mitigating factors present). Cf. In the Matter of Gantt, 302 Ga. 3 (804 SE2d 336) (2017) (petition for voluntary discipline accepted; public reprimand for violation of Rules 1.2, 1.3, and 1.4 in connection with representing one client and her minor children in personal injury action; many mitigating factors and no prior disciplinary history); In the Matter of Stewart, 301 Ga. 227 (800 SE2d 279) (2017) (on formal complaint; public reprimand for violation of Rules 1.2 and 1.4 in immigration matter for family; some factors in aggravation, some in mitigation, and multiple prior disciplinary matters). Accordingly, the Court

hereby orders that Donald Edward Smart receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b) for his violations of Rules 1.1, 1.2, 1.3, and 1.4.

Review Panel reprimand. All the Justices concur.

Decided February 19, 2018.

Review Panel reprimand.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar, for State Bar of Georgia.