303 Ga. 795
FINAL COPY

S18Y0833, S18Y0834, S18Y0835, S18Y0836, S18Y0837. IN THE
MATTER OF S. QUINN JOHNSON (five cases).

PER CURIAM.

This Court rejected the first petition for voluntary discipline filed by Respondent S. Quinn Johnson (State Bar No. 120573), despite the special master's recommendation that it be accepted and a 90-day suspension with conditions for reinstatement be imposed for Johnson's admitted violations of Rules 1.3, 1.4, 1.5, 1.15 (I), 1.16 (d), and 5.5 with respect to six separate clients, see In the Matter of Johnson, 301 Ga. 264 (800 SE2d 570) (2017) (rejecting petition for voluntary discipline and noting that the case involved multiple instances of misconduct, the abandonment of client matters, the retention of fees paid by clients, the failure to make full and proper restitution, and a prior disciplinary history). Johnson then engaged in settlement discussions with the State Bar, after which he filed an amended petition for voluntary discipline, seeking to resolve all of the earlier disciplinary matters plus one other matter that subsequently arose. In the amended petition, Johnson sought in relevant

part, a suspension of at least 100 days plus a Review Panel reprimand or a suspension of between one and six months. The Bar recommended acceptance of the amended petition, and the special master, Catherine Koura, has now issued her report, recommending that the Court accept the petition and impose a suspension of at least 100 days, plus a Review Panel reprimand. Under the specific circumstances of this case, and in light of Johnson's intervening efforts to improve himself and his practice, we conclude that a six-month suspension is an appropriate sanction for Johnson's conduct.

In Johnson, 301 Ga. at 264-265, this Court recited the facts in the underlying cases as follows:

> As part of his petition for voluntary discipline, Johnson, who joined the Bar in 2008, made the following admissions regarding his conduct. As to [State Disciplinary Board ("SDB") Docket No. 6518], Johnson acknowledged that he was hired by a client in October 2010 to represent that client in a suit alleging copyright infringement, and accepted $1,000 from the client as an advance for costs and expenses. Johnson filed the copyright infringement action on the client's behalf, and, in response to the motion to dismiss filed by the defendant in that suit, sought and obtained an extension of time in which to file a response to that motion. Johnson came to doubt that this client could provide the specifics necessary to sustain his claims, and, apparently as a result of that doubt, failed to seek a second extension of time to respond to the motion to dismiss. Johnson admitted that he failed to adequately communicate with his client during the period preceding the expiration of the granted

2

extension of time, failed to communicate his decision to withdraw from the representation of the client, and failed to withdraw from his representation before the client hired new counsel to handle the matter.

In [SDB Docket No. 6519], Johnson was hired to represent clients in preparing and filing copyright registrations before the U. S. Patent and Trademark Office and received a $1,040 payment for those services and the associated filing fee. Johnson acknowledged that he did not perform the services for which he was hired and failed to adequately communicate with his clients. Johnson further allowed that he should have informed the clients that he was unable to complete the work for which he was hired and should have returned to them the funds he had been paid, but failed to do either of those things in a timely manner. Finally, Johnson admitted that he failed to participate in the disciplinary process associated with this matter. With regard to [SDB Docket No. 6520], Johnson was hired to represent clients in general intellectual property matters and to prepare and file a particular patent registration, and was paid $2,130 for that representation. Johnson admitted that he did not perform the services for which he was retained, that he did not adequately communicate with his clients, and that he should have informed the clients of his inability to complete the agreed-upon tasks and should have refunded the funds paid to him.

Next, as to [SDB Docket No. 6599], Johnson acknowledged that he received a notice of investigation in June 2013, but did not recall having received the Bar's motion for an interim suspension or this Court's order granting that motion and suspending Johnson, see In the Matter of . . . Johnson, S14Y0328 (November 26, 2013). During the pendency of that suspension, Johnson filed a notice of appearance and pleadings on behalf of a client in magistrate court, before being informed by the chief judge of that court that the documents could not be filed because of Johnson's suspension. Johnson then informed his client that he could not represent her. In [SDB Docket No. 6600], Johnson was hired by another client

3

seeking representation in a copyright infringement matter, and was paid $5,000 for that representation. Johnson filed a complaint in the matter, obtained an extension of time to complete service of process, and dismissed all but one of the defendants before his communications with the client broke down and Johnson began to believe that the client's claims could not be sustained. Johnson admitted that he did not adequately communicate with the client and that the case languished for an inordinate amount of time before Johnson withdrew from the representation. Finally, in [SDB Docket No. 6626], Johnson was hired to represent a client in a personal injury action, prepared and filed a complaint in the action, and eventually accepted the settlement offer of the defendant in that case. Nevertheless, Johnson acknowledges that the action remained pending for some time prior to the settlement of the client's claims, that he negotiated costs of third-party medical providers prior to obtaining the client's consent to do so, and that, in his communications with the client, he failed to ensure that he included all of the claims that the client intended to be included in the settlement.

With regard to the new disciplinary matter, SDB Docket No. 6925, Johnson admitted that in May 2014 a client retained him to take over representation in a personal injury matter where the complaint already had been filed. At the time Johnson was hired, a motion to dismiss was pending for the client's failure to respond to discovery. Johnson responded to the discovery and the motion to dismiss on the client's behalf and attempted to depose the defendant but was unable to obtain a court order compelling the defendant to participate in discovery. The client became frustrated with the delay in her case,

4

but when the court denied the motion to compel, Johnson advised the client that he could not proceed to trial without obtaining discovery and that he would be withdrawing from the representation. The client agreed to dismiss the lawsuit, and Johnson filed a dismissal of the case and mailed the client a Notice of Termination of Representation. Johnson admits that he did not adequately communicate with his client during the course of his representation and failed to respond to her numerous requests for an update on the status of her case.

Johnson admits and the record shows that in the underlying seven matters, he violated Rule 1.3 in four cases; Rule 1.4 in six cases; Rule 1.5 in three cases; Rule 1.15 (I) in one case; Rule 1.16 (d) in one case; and Rule 5.5 (a) in one case. The maximum sanction for a single violation of Rules 1.3, 1.15 (I), and 5.5 is disbarment, while the maximum sanction for a single violation of Rules 1.4, 1.5, and 1.16 (d) is a public reprimand.

As the special master noted, suspension is generally appropriate in cases like this where the lawyer causes a client injury or potential injury by either knowingly failing to perform services or engaging in a pattern of neglect, see ABA Standards for Imposing Lawyer Sanctions Standard 4.42, or where a lawyer has been reprimanded for the same or similar misconduct and engaged

in further similar acts of misconduct that caused injury or potential injury to a client, the public, the legal system, or the profession, see ABA Standard 8.2. In aggravation of discipline, we note that Johnson has a prior disciplinary history, having received a formal letter of admonition in February 2012 for his violation of Rules 1.3 and 1.4.[1] Moreover, the matter involves multiple offenses, Johnson has engaged in a pattern of misconduct, and he has substantial experience in the practice of law. See ABA Standard 9.22. In mitigation of discipline, we note that Johnson detailed in his amended petition personal and emotional problems that he was experiencing at the time of the underlying offenses, which problems impacted his ability to function effectively as a lawyer; that Johnson lacked a dishonest or selfish motive; that he has made a timely and good faith effort to make restitution (by refunding all unearned attorney fees and costs to former clients); that he has exhibited a cooperative attitude toward these disciplinary proceedings; that he has a good reputation in the legal community; that he has expressed remorse; that he has completed an In-Office Consultation and

---

[1] In addition, Johnson has had at least three prior suspensions for his failure to respond to notices of investigation from the Bar. See In the Matter of Johnson, S13Y0719, S13Y0720, S13Y0721 (February 1, 2013); In the Matter of Johnson, S14Y0328 (November 26, 2013); In the Matter of Johnson, S14Y1447 (June 30, 2014).

6

Assessment with the Law Practice Management Program of the State Bar; that he has completed continuing legal education focusing on attorney-client relations, office procedures, and attorney-client communication; and that he has obtained professional counseling regarding his prior personal and emotional problems. See ABA Standard 9.32.

Having reviewed the record, we conclude that a six-month suspension is an appropriate sanction in this particular case. See In the Matter of Duncan, 301 Ga. 898 (804 SE2d 342) (2017) (six-month suspension with conditions for reinstatement for violations of Rules 1.4, 1.15, and 1.16 (c) in two client matters; no prior disciplinary history and other mitigating factors); In the Matter of Brantley, 299 Ga. 732 (791 SE2d 783) (2016) (180-day suspension for violations of Rules 1.3, 1.4, 1.5, 1.16 (d) 5.5 (a), 8.1 (a) and 9.3 in five disciplinary matters; prior disciplinary history and other aggravating factors, but also significant factors in mitigation, including no lasting harm to clients); In the Matter of Buckley, 291 Ga. 661 (732 SE2d 87) (2012) (four-month suspension for violations of Rules 1.3, 1.4, and 1.16 in one client matter; prior disciplinary history, but mitigating factors); In the Matter of Huggins, 291 Ga. 92 (727 SE2d 500) (2012) (six-month suspension with conditions for reinstatement for

7

violations of Rules 1.3, 1.4, 1.15, 1.16, and 9.3 in five client matters; no prior disciplinary history). Accordingly, the Court accepts the petition for voluntary discipline and as a sanction for Johnson's violation of Rules 1.3, 1.4, 1.5, 1.15 (I), 1.16 (d), and 5.5 (a), it hereby imposes a six-month suspension on Johnson's license to practice law. Because there are no conditions on Johnson's reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension based on this opinion will take effect as of the date this opinion is issued and will expire by its own terms six months later. Johnson is reminded of his duties pursuant to Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Six-month suspension. All the Justices concur.

Decided June 4, 2018.

Suspension.

Paula J. Frederick, General Counsel State Bar, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.