In the Supreme Court of Georgia

Decided:     January 22, 2019

S19Y0266.  IN THE MATTER OF HEATHER E. JORDAN.

PER CURIAM.

Heather E. Jordan (State Bar No. 587470) has been a member of the Bar since 2011. In a September 4, 2018 report and recommendation, special master Chong Joo Kim recommended that this Court impose a public reprimand for Jordan's misconduct in representing a single client in a custody matter. Neither the State Bar nor Jordan filed exceptions to the special master's report, and we agree that a public reprimand is the appropriate level of discipline in this matter.

The facts alleged and the violations charged in the formal complaint are deemed admitted as follows. In December 2011, a client hired Jordan to represent him in a divorce matter. Jordan agreed and finalized the client's divorce.  Subsequently, Jordan agreed to represent the client in a custody matter. From January to May 2016, the client attempted to contact Jordan numerous times via email, text message, and telephone calls to obtain a status update on his custody case.  However, Jordan failed to respond promptly to the client's

requests for information and updates in the case, she failed to perform the necessary work on the case, she provided incorrect information to opposing counsel in the client's discovery responses, and she ultimately stopped responding to the client and stopped working on the case. The client retained new counsel, emailed Jordan, and requested his file. Jordan did not respond to the client and did not return his file. The client's new counsel also attempted on several occasions to request the file, and while Jordan did not respond to these requests, she did eventually send the client his file.

The special master concluded that Jordan violated Rule 1.2 of the Georgia Rules of Professional Conduct by failing to communicate or consult with the client on the scope and objectives of the representation. In addition, the special master concluded that Jordan violated Rule 1.3 by failing to perform work on the client's custody case and Rule 1.4 when she failed to keep the client informed about the status of his case and failed to respond to his numerous requests for information in the case. Finally, the special master concluded that Jordan violated Rule 1.16 when she failed to timely surrender his file to him or his new counsel. The maximum penalty for a violation of Rules 1.2 and 1.3 is disbarment, while the maximum penalty for a violation of Rules 1.4 and 1.16 is

2

a public reprimand.

The special master recognized that this Court relies on the American Bar Associations Standards for Imposing Lawyer Sanctions for general guidance in determining the appropriate level of discipline, see In the Matter of Morse, 265 Ga. 353, 354 (456 SE2d 52) (1995), and that ABA Standard 4.43 provides that a reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client and causes injury or potential injury to a client.

The special master found in mitigation the absence of a prior disciplinary record, see ABA Standard 9.32 (a), as well as Jordan's inexperience in the practice of law, see ABA Standard 9.32 (f). The special master recommended that, based on the violations Jordan is deemed to have admitted, she should receive a public reprimand.

Having reviewed the record, we agree that the admitted facts are sufficient to support a finding that Jordan violated Rules 1.2, 1.3, 1.4, and 1.16 of the Georgia Rules of Professional Conduct. In light of those facts and the mitigating circumstances, we agree that a public reprimand is the appropriate level of discipline. See In the Matter of Gantt, 302 Ga. 3 (804 SE2d 336) (2017); In the

Matter of Stewart, 301 Ga. 227 (800 SE2d 279) (2017). Accordingly, we order that Heather E. Jordan receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c).

Petition for voluntary discipline accepted. Public Reprimand. All the Justices concur.