306 Ga. 620
FINAL COPY

S19Y1128. IN THE MATTER OF PHILLIP NORMAN GOLUB.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Phillip Norman Golub (State Bar No. 300503). Golub, who has been a member of the Bar since 1980, seeks by this petition to resolve a disciplinary matter involving his failure to complete client work, to adequately communicate with the client, and to refund an unearned fee. Golub admits that his conduct violated Rules 1.2, 1.3, 1.4, 1.5, 1.16, 3.2, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct. The maximum sanction for a violation of Rules 1.2, 1.3, and 8.4 (a) (4) is disbarment, while the maximum sanction for a violation of Rules 1.4, 1.5, 1.16, and 3.2 is a public reprimand.

As to the conduct underlying this matter, Golub acknowledges that he was retained by a client in 2014 in connection with a matter involving a transfer of real property, although he primarily

communicated about the matter with the client's son. Although the client did not sign an engagement agreement with Golub, she paid him $7,500 in legal fees and another $2,500 for his assistance with several personal matters. In 2015, Golub filed two lawsuits on the client's behalf, in response to which were filed a motion to dismiss and discovery requests, which were a prelude to the taking of the client's deposition, which Golub was unable to schedule for reasons beyond his control. Golub subsequently received instruction to resolve the cases as quickly as possible, but he instead continued to extend the discovery period and made no effort to place the matter on the trial calendar. Golub acknowledges that he did not always respond to requests for status updates and other communications regarding the client's matters.

In March 2017, Golub was hospitalized for an extended period of time, after which he stopped communicating with the client and her son. During Golub's hospitalization, a motion to dismiss his client's cases was placed on the trial calendar. Viewing the motion to dismiss as likely to succeed, Golub filed a voluntary dismissal

2

without prejudice in the two cases on April 20, 2017, but failed to communicate that information to the client or to her son until the client's son contacted him in June 2017. Golub filed renewal actions, without consent, in October 2017, but the client had passed away in the intervening time. As to the re-filed lawsuits, Golub states that he failed to serve the defendants, to substitute a party for his deceased client, to perform any more work on the matters, or to update the client's son on the status of the matters. Finally, Golub notes that he did not have any additional communications with the client's son, failed to provide any billing records to the client or her son, and failed to refund an unearned fee.

In mitigation, Golub notes that, during the time in question, he was dealing with an illness the severity of which he did not recognize for several months but which eventually required an extensive hospitalization; that he did not have a dishonest or selfish motive; that he is remorseful for his conduct; that he intends to repay the client's son to the extent that he is able; and that his sole prior discipline, a 1999 Investigative Panel reprimand, is remote in time.

Given this admitted conduct, Golub seeks the imposition of a public reprimand. In response, the Bar states that it believes that Golub's suggested sanction is appropriate in light of the purposes to be served by a disciplinary sanction and under American Bar Association Standard 4.43 for a matter in which an attorney's negligent failure to represent a client with reasonable diligence causes injury or potential injury to the client.[1] In aggravation of discipline, the Bar notes Golub's substantial experience in the practice of law and his prior receipt of a reprimand. The Bar recommends that this Court accept Golub's petition and impose his requested discipline, which it states is consistent with the sanctions imposed in other similar cases. See *In the Matter of Jordan*, 305 Ga. 35 (823 SE2d 257) (2019) (imposing public reprimand for conduct including failure to respond diligently to client requests for information and updates, failure to perform necessary work, failure

---

[1] See *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996) (noting that this Court "look[s] to the American Bar Association's standards for guidance in determining the appropriate sanction to impose").

4

to provide correct information in filed documents, and an eventual total failure to respond or perform client work); *In the Matter of Moncus*, 296 Ga. 154 (765 SE2d 358) (2014) (imposing public reprimand for failure to adequately communicate and consult with client); *In the Matter of Stewart*, 301 Ga. 227 (800 SE2d 279) (2017) (same).

However, this Court has two concerns. The first is that it is not entirely clear from the admitted facts that Golub violated Rule 8.4 (a) (4), which concerns professional conduct involving dishonesty, fraud, deceit, or misrepresentation.[2] See *In the Matter of Dorer*, 304 Ga. 442 (819 SE2d 7) (2018) (not accepting recommended Review Panel reprimand for a putative Rule 8.4 (a) (4) violation without a full understanding of the facts); *In the Matter of Braziel*, 303 Ga. 154 (810 SE2d 476) (2018) (petition for voluntary

---

[2] In his voluntary petition, Golub states the following conduct violated Rule 8.4 (a) (4):

> I admit that I violated Rule 8.4 (a) (4) when I failed to correct [the client's son's] understanding of the status of the case and my efforts to get the case resolved, specifically the problems with the discovery as it related to [the client's] health and state of mind and how it affected my efforts to get the case resolved.

5

discipline rejected where there was uncertainty about facts underlying purported rule violation); *In the Matter of West*, 299 Ga. 731 (791 SE2d 781) (2016) (rejecting petition for voluntary discipline where admitted facts did not show that lawyer violated rule he admitted to violating). Second, we are concerned that Golub has failed to fully repay the monies owed to the client's son. In his petition, Golub states he intends to "pay as much of the money" as he is "able," but states no intention of making the client's son whole. See, e.g., *In the Matter of Cherry*, 304 Ga. 836 (822 SE2d 823) (2019) (petition for voluntary discipline rejected where there was lack of information of how a third-party doctor's claim to unpaid settlement proceeds was resolved). Accordingly, the petition for voluntary discipline is rejected.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED AUGUST 19, 2019.
Petition for voluntary discipline.
*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.

6