307 Ga. 312
FINAL COPY

S19Y1553.  IN THE MATTER OF NEVADA MICHAEL TUGGLE.

PER CURIAM.

This disciplinary matter is before the Court on Nevada Michael Tuggle's (State Bar No. 301224) petition for voluntary discipline, filed before the issuance of a formal complaint pursuant to Bar Rule 4-227 (b), in which he seeks to resolve two pending disciplinary matters. He admits that by his conduct, he violated Rules 1.1, 1.2, 1.3, 1.4, and 1.16 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.1, 1.2, and 1.3 is disbarment, while the maximum sanction for a violation of Rules 1.4 and 1.16 is a public reprimand. Although the State Bar supports the petition, in which Tuggle seeks a Review Board or public reprimand, we nevertheless reject it.

In his petition, Tuggle makes the following admissions unconditionally. With regard to the first disciplinary matter, a client retained Tuggle to represent her in a Gwinnett County Probate

Court proceeding. In that proceeding, the client contested the validity of a 2014 will, which the decedent's son sought to have probated; the decedent's son also sought to have a 2009 will, which listed the client as the executor of the decedent's estate, vacated or set aside. After initially objecting, the parties ultimately agreed that Tuggle's client would not contest the 2014 will and would not oppose the motion to vacate. The probate court then entered an order revoking the letters testamentary issued to Tuggle's client and appointed the decedent's son as executor.

Approximately six months later, the decedent's son filed a lawsuit against Tuggle's client. The client notified Tuggle about the lawsuit; he e-mailed her a Legal Services Agreement ("LSA") to sign and send back to him; and he told her that he would not require an initial retainer fee and crossed out the "initial retainer" language in the LSA. The LSA provided that the law firm would bill the client $250 per hour; that it would bill upon significant completion of matters concerning the case; that the client was required to provide the law firm with a credit card authorization in exchange for waiving

the initial retainer; and that Tuggle would alert the client at least 12 hours prior to charging the credit card. On February 23, 2016, the client e-mailed Tuggle the executed LSA and credit card authorization. However, Tuggle, although aware of the February 27, 2016 deadline for filing an answer to the complaint, failed to file a timely response. A few days later, the client e-mailed Tuggle asking for an update in her case; Tuggle did not respond. He did, however, and without notice, charge $1,000 to her credit card without sending an invoice or other billing documentation to show the work that he did to earn the charge. The client then e-mailed Tuggle and asked him to give her notice next time he charged fees on her credit card as set forth in the LSA.

On March 9, 2016, Tuggle filed an entry of appearance and answer and defenses to the complaint, a copy of which he e-mailed to the client. He did not inform the client that he filed the answer late or that she was at risk for default judgment, but he did state that he planned to file a motion to dismiss the following week and would send her the motion once it was filed. However, he did not file

a motion to dismiss, did not perform any additional work on her case, and stopped communicating with the client after the March 9 e-mail, despite the fact that she attempted to contact him several times. He also did not respond to the other party's counsel, who sent him a letter inquiring about overdue discovery responses, or notify his client as to the court's scheduling order or that a motion for default judgment had been filed in the case.

Ultimately, the trial court entered an order on April 12, 2017, granting the other party's motion for default judgment against Tuggle's client in the amount of $815,460.23. On July 12, 2017, the client received an affidavit of garnishment from the other party's attorney. She then sent Tuggle a text message notifying him that she received an affidavit of garnishment from a default judgment in excess of $800,000 and requested that Tuggle return her file. Over the next several weeks, she made repeated attempts to collect her file. Tuggle did not return the file until February 7, 2018, after she filed a grievance against him with the State Bar. The client has since retained other counsel to represent her in an attempt to open the

4

default and have the judgment against her set aside. As of the date of this opinion, the $815,460.23 judgment against the client is still pending. In addition to filing the grievance against Tuggle, the client has sued Tuggle for legal malpractice.

With regard to the second disciplinary matter, Tuggle admits that in September 2017, a married couple retained him to file an application with the United States Department of Veterans Affairs ("VA") for the husband's benefits and to provide estate planning services. Although they did not execute a formal retainer agreement, the couple paid Tuggle $2,500 to prepare the estate planning documents, which he completed and the couple duly executed. He then agreed to file an application for VA benefits for the husband and to draft a revocable living trust, a warranty deed transferring a home to the trust, a pour-over will, a financial power of attorney, and a healthcare directive. Over the course of the next few months, Tuggle failed to provide any status updates to the couple despite such requests. Tuggle ultimately did file informal claim paperwork with the VA, but he used the wrong social security number ("SSN")

for the husband in the application, despite being provided with the correct number. The couple's daughter-in-law contacted the VA to obtain an update on the application and was told that the application had not been filed (due to the incorrect SSN), and the couple then terminated Tuggle's representation and requested he return their file. Tuggle told the couple he knew a representative at the VA who might be able to assist in correcting the SSN, but they refused to authorize him to contact the VA representative. The husband subsequently passed away, and his file with the VA was closed before his application for VA benefits was approved.

In mitigation, Tuggle states that he has fully cooperated with disciplinary authorities by initiating this petition prior to the filing of a formal complaint; that he has no prior disciplinary record; that he is sincerely embarrassed and remorseful for having violated the disciplinary rules; and that he had <u>unspecified</u> substance abuse issues during the time period giving rise to this matter. As to his substance abuse issues, Tuggle states that he is currently, and voluntarily, undergoing outpatient individual and group counseling

and treatment for professionals with substance abuse issues, which includes regular drug testing for a period of 12 weeks administered by appropriately licensed medical care providers. He attached to his petition a copy of a letter from a physician at the center where he underwent treatment, confirming treatment compliance and that he has had significant improvement in his cognitive testing and is able to safely practice law. Tuggle submits that the appropriate discipline to be imposed is either a Review Panel or public reprimand.

The State Bar has filed a response and recommends that this Court accept the petition. Relying on the American Bar Association ("ABA") Standards for Imposing Lawyer Sanctions as instructive, see *In the Matter of Morse*, 266 Ga. 652 (470 SE2d 232) (1996), the Bar notes that this Court should consider the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors. See ABA Standard 3.0. In addition, the Bar states that ABA Standard 4.43 provides that a reprimand is generally appropriate

7

when a lawyer is negligent and does not act with reasonable diligence in representing a client and causes injury or potential injury to a client. In mitigation, the Bar notes the absence of a prior disciplinary record. See ABA Standard 9.32 (a). In aggravation, the Bar contends that the applicable factors include the presence of multiple offenses; a pattern of misconduct; vulnerability of the victim; and substantial experience in the practice of law. See ABA Standard 9.22. Finally, the State Bar notes that multiple, previous disciplinary cases addressing violations of Rules 1.2, 1.3, 1.4, and 1.16 have resulted in a reprimand. See, e.g., *In the Matter of Jordan*, 305 Ga. 35 (823 SE2d 257) (2019); *In the Matter of Smart*, 303 Ga. 156 (810 SE2d 475) (2018).

While the State Bar supports Tuggle's request for a reprimand, having reviewed the record, we conclude that Tuggle's petition for voluntary discipline should be rejected. Of particular concern is the fact that Tuggle has failed to accept any sort of financial responsibility for the losses caused by his conduct or to provide concrete information as to what amount of restitution is due. See,

e.g., *In the Matter of Johnson*, 301 Ga. 264, 266 (800 SE2d 570) (2017) (rejecting petition for voluntary discipline and noting that attorney failed to make full and proper restitution); *In the Matter of Henderson*, 289 Ga. 135, 135-136 (710 SE2d 124) (2011) (rejecting petition for voluntary discipline where attorney failed to demonstrate that he made the final disbursements owing). In particular, while Tuggle states in his petition that the first client has sued him for legal malpractice related to a default judgment of $815,460.23, it is not clear how that case has been or will be resolved. Of additional concern is the lack of specificity provided, under seal or otherwise, by Tuggle as to the substance abuse issues that led to his misconduct in these disciplinary matters. Accordingly, we reject Tuggle's petition for voluntary discipline.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED NOVEMBER 4, 2019.

Petition for voluntary discipline.

*Douglas V. Chandler*, for Tuggle.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.