S11Y1007. IN THE MATTER OF CHALMER E. DETLING II.
(710 SE2d 566)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the petition for voluntary discipline filed by Respondent Chalmer E. Detling II (State Bar No. 219500). In that petition, which he filed pursuant to Bar Rule 4-227 (b) prior to the filing of a Formal Complaint, Detling, who has been a member of the Bar since 2004, admits that in 2006 he represented a limited liability corporation

("LLC") in its attempt to finance the purchase of a second corporation; in connection with that representation, he signed an opinion letter averring, in pertinent part, that he knew of nothing that could materially affect the transaction or the LLC's right to carry on business substantially as then conducted or that could adversely affect the LLC's financial condition. At the time that he signed the opinion letter, Detling knew that the director and officer of the sole member of the LLC was facing federal criminal charges because Detling was representing that director in the criminal case. The LLC deal closed in November 2006, and the director entered a guilty plea to a charge of failing to report a crime in April 2007. The director was sentenced to serve ninety days incarceration and ninety days home confinement. The business the LLC acquired operated until sometime in 2009, when it failed to the extent that it reverted to the trustee of the transaction. There is no indication that any connection exists between the business' downfall and the director's indictment or subsequent decision to enter a guilty plea.

By these actions, Detling admits that he violated Rule 1.1. Although the maximum sanction for a violation of Rule 1.1 is disbarment, we find in mitigation that Detling was inexperienced in the practice of law at the time in question; that the situation was an isolated incident; that Detling is remorseful; that he has no prior disciplinary record; that he had no dishonest motive in signing the opinion letter or in failing to associate more experienced counsel; and that he has been cooperative in these disciplinary proceedings. Furthermore, it appears that Detling has a good reputation; that he does significant pro bono work; that he serves as a mentor in the State Bar's mentor program; and that he is active in the community. As Detling was merely negligent in failing to associate more experienced counsel, as no actual injury occurred as a result of his actions, and as the State Bar has raised no objection to the requested discipline in its response to this petition, this Court hereby accepts Detling's petition for voluntary discipline. Further, we conclude that a Review Panel reprimand is the appropriate sanction in this matter. Accordingly, we hereby order that Detling receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b).

*Review Panel reprimand. All the Justices concur, except Benham, Melton and Nahmias, JJ., who dissent.*

MELTON, Justice, dissenting.

In his petition for voluntary discipline, Detling requested that this Court impose an Investigative Panel reprimand, although he would also accept the harsher punishment of a Review Panel reprimand. Given the extent of the mitigating factors present in this case, I would accept Detling's request for the imposition of an

Investigative Panel reprimand, which is a lower level of discipline than that being imposed by the majority.

I am authorized to state that Justice Benham and Justice Nahmias join in this dissent.

DECIDED MAY 31, 2011.

*Cohen, Cooper, Estep & Allen, Gene Chapman*, for Detling.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.