300 Ga. 774
FINAL COPY

S17Y0374. IN THE MATTER OF JOHN ANDREW LESLIE.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline, before the filing of a formal complaint, filed by Respondent John Andrew Leslie (State Bar No. 447067), see Bar Rule 4-227 (b) (2). In his petition, Leslie, who became a member of the Bar in 2004, seeks the imposition of a Review Panel reprimand for his admitted violations of Rules 1.3, 1.4, and 3.2 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). While the maximum sanction for a violation of Rule 1.3 is disbarment and the maximum sanction for a violation of the other rules is a public reprimand, we agree to accept Leslie's request that this matter be resolved by a Review Panel reprimand, as the State Bar recommends.

In his petition, Leslie admits with regard to State Disciplinary Board ("SDB") Docket No. 6900 that a client retained him to represent her in a personal injury action arising out of a minor motor vehicle accident; he filed a

lawsuit on behalf of the client, and the defendant offered his client a settlement that she did not accept. Leslie further admits that, apart from some pre-suit discussions with the adjuster and initial settlement discussions with opposing counsel, he failed to advance the case for several years despite inquiries to that end by his client, opposing counsel, and the adjuster. He admits that he did not adequately respond to and communicate with his client about the case during that time and that he did not interview any witnesses or take depositions during the course of his representation. As a result, his client's case was dismissed pursuant to OCGA § 9-2-60 (b) (dismissal of an action where no order is entered for five years), and she lost the ability to pursue her personal injury claim.

With regard to SDB Docket No. 6901, Leslie admits that a client retained him to represent her in connection with a dental malpractice claim. Leslie says that he filed suit on her behalf, retained an expert dentist, and served written discovery on the defendant. After the parties exchanged discovery and Leslie's client was deposed, Leslie admits, he sent a demand to defense counsel, but settlement negotiations were not successful, and he failed to prosecute and advance the case for several years despite inquiries from his client. Leslie also admits that he did not adequately respond to and communicate with his client

about the case during that time and that he did not interview any witnesses or take depositions during the course of his representation. As a result of his actions, Leslie admits, his client's lawsuit was dismissed with prejudice pursuant to OCGA § 9-2-60 (b), and she lost the ability to pursue her medical malpractice claim.

Leslie admits that by his conduct in both instances he violated Rules 1.3, 1.4, and 3.2 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). As discipline for his admitted violations in these two cases, Leslie requests a Review Panel reprimand. He asserts in mitigation that he does not have a prior disciplinary record, he did not willfully intend to cause harm to his clients, and his personal injury practice at the time was understaffed and lacking administrative support. In addition, Leslie states that he was suffering from depression (for which he now takes anti-depressants and receives treatment) following heart surgery and this affected his desire and ability to address difficult issues in some of his cases. Leslie states that he since has made changes to his law practice to ensure that these issues do not arise again, including: (1) implementing a new phone system, which sends an e-mail and message to his cell phone for every voicemail left for him; (2) hiring an assistant four days a

3

week to help in tracking client communications and other matters; and (3) utilizing case-management software designed specifically for personal injury work. Leslie further states that when the clients involved in SDB Docket Nos. 6900 and 6901 made legal claims against him, he worked diligently with his insurance company to resolve the claims promptly and amicably and to make sure his clients were compensated for their losses. Finally, Leslie states that he sincerely regrets the mistakes he made, he had no intention to abandon his clients, and he has agreed to participate in the Law Practice Management and Lawyer Assistance Programs offered by the State Bar of Georgia.

The State Bar recommends that the Court accept Leslie's petition. The Bar notes that previous disciplinary cases addressing similar violations of Rules 1.3, 1.4, and 3.2 have resulted in a Review Panel reprimand. See, e.g., In the Matter of Jones, 299 Ga. 736 (791 SE2d 774) (2016) (Review Panel reprimand for violations of Rules 1.3, 1.4, and 9.3 by failing to file a complaint and accurately keep the client informed of the status of his case in one matter and failing to file a timely, sworn answer to the Bar's notice of investigation of another matter); In the Matter of Pagano, 298 Ga. 381 (782 SE2d 42) (2016) (Review Panel reprimand for violations of Rules 1.3 and 1.4 by abandoning

4

client's case and causing court to dismiss it for want of prosecution; lawyer had two prior instances of discipline); In the Matter of Graham, 292 Ga. 901 (742 SE2d 735) (2013) (Review Panel reprimand for violations of Rules 1.4 and 3.2 by failing to file lawsuit for client prior to expiration of the limitations period and failing to respond promptly to inquiries or subpoena from client's bankruptcy trustee); In the Matter of Brown-Williams, 290 Ga. 530 (722 SE2d 740) (2012) (Review Panel reprimand for violations of Rules 1.3 and 1.4 for failing to timely file client's workers' compensation claim, causing the statute of limitations to expire on the claim).

Having reviewed the record, we agree that a Review Panel reprimand is an appropriate sanction in this matter. Accordingly, the Court hereby orders that Leslie receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 for his admitted violations of Rules 1.3, 1.4, and 3.2.

Petition for voluntary discipline accepted. Review Panel reprimand. All the Justices concur.

Decided March 20, 2017.

Review Panel reprimand.

Hawkins Parnell Thackston & Young, Thomas R. Mock, Jr., for Leslie.

5

Paula J. Frederick, General Counsel State Bar, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.