305 Ga. 722
FINAL COPY
S19Y0645. IN THE MATTER OF LAKEISHA TENNILLE GANTT.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by respondent Lakeisha Tennille Gantt (State Bar No. 142126). Gantt, who has been a member of the Bar since 2005, admits that, in 2014, a client hired her for representation in an adoption matter and paid her more than $3,700. Gantt acknowledges that she initially informed the client that she would complete the adoption paperwork prior to April 2015, but that her failure to promptly complete the necessary work led to the adoption not being completed until March 2018. Gantt points to numerous separate instances in the intervening period in which she failed to respond to the client's communications in a timely and appropriate manner, failed to respond to the client at all, or failed to complete and submit paperwork related to interim steps in completing the adoption, such as failing to complete the work necessary for a home visit to be completed.

In acknowledging that she failed to timely perform the necessary work on the adoption, causing a significant delay in the proceedings, and failed to adequately communicate with the client, Gantt admits to violations of Rules 1.2, 1.3, 1.4, and 1.5. The maximum sanction for a violation of Rule 1.2 or 1.3 is disbarment, while the maximum sanction for a violation of Rule 1.4 or 1.5 is a public reprimand. In mitigation of discipline, Gantt asserts that she lacked a dishonest or selfish motive, and has in fact repeatedly apologized to the client and offered to refund her fee; that she was, during the relevant period, suffering from personal and emotional difficulties that required treatment and counseling; and that she has made a full and free disclosure, demonstrating a cooperative attitude toward the disciplinary proceedings. Gantt requests that this Court impose a Review Board reprimand.

The State Bar's response notes, in aggravation, Gantt's substantial experience in the practice of law and her receipt of prior discipline. See In the Matter of Gantt, 302 Ga. 3 (804 SE2d 336) (2017). Nevertheless, the Bar recommends that this Court accept

Gantt's petition and impose a Review Board reprimand, as such a resolution is appropriate under ABA Standard 4.43, which provides that a reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client.

Having reviewed the record, we agree that a Review Board reprimand is the appropriate sanction in this matter. See In the Matter of Leslie, 300 Ga. 774 (798 SE2d 221) (2017) (imposing Review Panel reprimand for violations of Rules 1.3, 1.4, and 3.2 related to delay in attending to client matter and failure to communicate); In the Matter of Jones, 299 Ga. 736 (791 SE2d 774) (2016) (imposing Review Panel reprimand for violations of Rules 1.3, 1.4, and 9.3 related to failure to file and misleading client communications). Accordingly, the Court hereby orders that Gantt receive a Review Board reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 for her violations of Rules 1.2, 1.3, 1.4, and 1.5.

Petition for voluntary discipline accepted. Review Board reprimand. All the Justices concur.

Decided April 29, 2019.

Review Board reprimand.

Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.