311 Ga. 77
FINAL COPY

S21Y0582. IN THE MATTER OF DAVENIYA ELISSE FISHER.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Adam Marshall Hames, who recommends that the Court accept the petition for voluntary discipline filed by respondent Daveniya Elisse Fisher (State Bar No. 553414) after the filing of a Formal Complaint. See Bar Rule 4-227 (c). The Special Master further recommends that this Court accept Fisher's proposed discipline and impose a Review Board reprimand for her admitted violation of Rules 1.3, 1.4 (a) (3), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). While the maximum sanction for a single violation of Rule 1.3 is disbarment, and the maximum sanction for the other rules is a public reprimand, we agree to accept Fisher's request that this

matter be resolved by a Review Board reprimand, as the State Bar and the Special Master recommend.

After reviewing the petition and the Bar's response, the Special Master found that Fisher, who has been a member of the Bar since 2009, was hired to represent a client in a criminal case. The client had been arrested in March 2015, along with a number of other individuals, and charged with possession with intent to distribute marijuana and conspiracy. In April 2015, the district attorney filed a civil forfeiture action against the client's property, including her residence and automobile. Fisher agreed to handle the forfeiture matter as part of the criminal case for no additional fee but explained that she could not guarantee that opposition to the forfeiture action would result in the return of any of the property. Fisher responded to the forfeiture matter, raising all available defenses, and took steps to have the forfeiture matter continued until after resolution of the criminal matter. In June 2017, a jury convicted the client of two felony charges, and the court sentenced her to a total of ten years to serve four.

Fisher was paid a separate fee to represent the client on appeal and spoke with the client several times. She also stayed in touch with the client's brother as she began to work on the appeal. In September 2017, Fisher sent the court clerk a Notice of Emergency Leave of Absence after an immediate family member passed away. Thereafter, Fisher received a letter from the client, indicating that she was terminating Fisher's services. Although Fisher claimed to have interpreted the letter as applying to both the forfeiture matter and the appeal, the Special Master noted that her assertion was undercut by the subsequent actions she admittedly took in the forfeiture matter. In any event, the client retained new counsel, and Fisher spoke to that attorney and provided the new attorney with the client's files. As Fisher apparently never formally withdrew from the representation, however, she continued receiving notices from the trial court relating to both the appeal and the forfeiture action.

The forfeiture matter began appearing on hearing calendars in February 2018 and was rescheduled multiple times at the request of either the State or Fisher. But, beginning in September 2018, Fisher

did not appear at multiple scheduled hearings. Although she contended that she spoke to the State prior to three of those hearings and understood that the hearings were to be continued, the State did not move to continue those hearings and neither did she, so it appeared to the court that she simply failed to appear. Ultimately, the matter was set for a hearing on February 11, 2019, but Fisher once again failed to appear.[1] The trial court nevertheless heard the matter and ordered the complete forfeiture of the client's property to the State. Although Fisher learned of that development, she did not immediately alert the client or her family and failed to file a formal motion to set aside or to appeal the order. Finally, Fisher failed to respond either to the client's grievance or to the subsequent Notice of Investigation properly served on her by the Bar.

---

[1] Although Fisher acknowledged that she is responsible for seeing to the efficient operations of her law office and for the acts and omissions of her support staff, she blamed her failure to appear at the February 11, 2019 hearing on an assistant whom she "believed" may have failed to timely relay notice of that hearing. Fisher contended that, once she saw notice of the February 11 hearing, it was too late to submit a conflict letter in accordance with court rules, but stated that she orally informed the court of her conflict. Regardless, Fisher admitted that she was responsible for the confusion and for failing to attend the February 11 hearing.

After the Bar filed its Formal Complaint, Fisher obtained two extensions of time for answering that complaint and negotiated with counsel for the State Bar. Fisher then filed the underlying petition for voluntary discipline, admitting that she violated Rules 1.3, 1.4, and 9.3; describing her military and professional background, her personal history,[2] and her civic involvement and pro bono work; and detailing the steps she has taken in her practice to ensure that there are no further errors of this nature. Acknowledging that this Court uses the ABA Standards for Imposing Lawyer Sanctions in determining the proper sanction, Fisher argued that, under those standards, a Review Board reprimand would be the appropriate sanction for her conduct. In its response, the Bar did not dispute Fisher's recitation of her military and professional history or her

---

[2] During the relevant time, Fisher had to devote energy and time to the care of her ill mother (who had been the sole caregiver for Fisher's brother, who has schizophrenia) and to ensure that her brother was taken care of by other family members. She was also raising her child as a single mother, while running a solo practice. Fisher's mother passed away in 2018. Fisher related that the strain of her personal life coupled with running her law office ultimately caused her to seek professional help, and that, with the help of these professionals, she "has returned to a state of wellness."

civic and pro bono work; it did not contest Fisher's asserted remorse or lack of prior discipline; it did not object to Fisher's requested discipline; and it indicated its satisfaction with the steps Fisher had taken to address the failures she attributed to her staff. It did, however, dispute her assertion that her conduct caused no actual or potential injury to her client.

The Special Master found that Fisher had violated Rules 1.3, 1.4 (a) (3), and 9.3, and noted that, although the Bar did not contest Fisher's expressions of remorse, he was unable to make any determination as to Fisher's credibility in the absence of a hearing (although he did note that by filing a petition for voluntary discipline, she seemed to accept responsibility for her actions, which he found indicative of remorse). The Special Master recited that a disciplinary sanction was meant to be "a penalty to the offender, a deterrent to others, and . . . an indication to laymen that the courts will maintain the ethics of the profession." *In the Matter of Dowdy*, 247 Ga. 488, 493 (4) (277 SE2d 36) (1981). He looked to the ABA Standards for Imposing Lawyer Sanctions for guidance in gauging

the appropriate punishment for Fisher's misconduct, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), and noted that those standards require consideration of the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors. See ABA Standard 3.0. The Special Master found that Fisher violated her duty of diligence and that her violations likely arose from her negligence, which would indicate that a reprimand generally would be appropriate. In mitigation of punishment, he noted that Fisher had no prior discipline; that she lacked a dishonest or selfish motive; that she was dealing with significant personal problems related to her loved one's medical issues at the time of her offenses; that she ultimately had a cooperative attitude toward the disciplinary proceedings; that she seemed to accept responsibility for her actions, which he found indicative of remorse; and that she had a good character and a good reputation. See ABA Standard 9.32 (a), (b), (c), (e), (g) and (l). The Special Master agreed with the Bar that, in aggravation, Fisher had substantial experience in the practice of

law. See ABA Standard 9.22 (i). Given her years of experience, the Special Master opined that Fisher should have taken better steps to protect her client's interests.

In terms of evaluating the harm or potential harm suffered by the client, the Special Master noted that, based on the admissions contained in Fisher's petition, her absence from the February 11, 2019 hearing was, at minimum, a contributing factor to the outcome of the forfeiture order, but he found it highly unlikely that Fisher's actions caused *actual* harm to the client. Although he agreed that there was some potential that the forfeiture matter could have been resolved in a manner of some benefit to the client, he reasoned that the client would have had an uphill battle in her forfeiture action because she was convicted of a drug conspiracy and possession with intent to distribute. Ultimately, the Special Master noted that whenever a lawyer fails to appear and an order is entered in her absence, the potential for injustice and harm is strong, but he found it relevant that, here, Fisher had taken steps to minimize any potential future violations of these ethics rules. Given those

findings, the Special Master concluded that a Review Board reprimand was the appropriate punishment. See *In the Matter of Gantt*, 305 Ga. 722, 723 (827 SE2d 683) (2019) (reprimand from the Review Board's predecessor when attorney acknowledged violating Rules 1.2, 1.3, 1.4, and 1.5 by failing to timely perform the necessary work on an adoption, causing a significant delay in the proceedings, and failing to adequately communicate with the client); *In the Matter of Leslie*, 300 Ga. 774, 776 (798 SE2d 221) (2017) (reprimand from the Review Board's predecessor for admitted violations of Rules 1.3, 1.4, and 3.2); *In the Matter of Jones*, 299 Ga. 736, 737 (791 SE2d 774) (2016) (reprimand from the Review Board's predecessor for attorney who violated Rules 1.3, 1.4, and 9.3 by failing to file a complaint and accurately keep the client informed of the status of his case in one matter and failing to file a timely, sworn answer to the Bar's notice of investigation of another matter).

Recognizing that the discipline requested was a result of negotiations between the State Bar and Fisher, we agree that, under the circumstances presented herein, a Review Board reprimand is

an appropriate sanction for the violations identified. Therefore, we accept Fisher's petition for voluntary discipline and direct that she receive a Review Board reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b) for her admitted violations of Rules 1.3, 1.4 (a) (3), and 9.3 of the Georgia Rules of Professional Conduct.

*Petition for voluntary discipline accepted. Review Board reprimand. All the Justices concur.*

Decided March 1, 2021.
Review Board reprimand.
*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Gene Chapman*, for Fisher.