311 Ga. 363
FINAL COPY

S21Y0696.  IN THE MATTER OF MISTY OAKS PAXTON.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Misty Oaks Paxton (State Bar No. 127089) before the issuance of a formal complaint, pursuant to Bar Rule 4-227 (b).  In her petition, Paxton, who has been a member of the Bar since 2009, admits violating Rules 1.2 (a), 1.2 (c), 1.3, and 1.5 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), and requests a State Disciplinary Review Board reprimand.  The State Bar responded, recommending that the Court accept the petition and requested sanction.  We agree to accept the petition and impose a Review Board reprimand.

In her petition, Paxton admits the following.  Paxton, a solo practitioner, had a relationship with a nationwide law firm marketing loan modification services called the Kealy Law Center ("KLC"), whereby KLC would refer to Paxton people in Georgia who

contacted KLC for services. In December 2017, KLC referred a 64-year-old disabled veteran who suffered from PTSD and major depression to Paxton. The client was in danger of losing his home to foreclosure. KLC provided a retainer agreement on Paxton's letterhead to the client. The agreement required payment of an initial retainer and monthly payments, and also required the client to timely respond to requests and inquiries. The client executed the agreement, returned it to KLC, and began making payments to KLC.

On May 2, 2018, a KLC employee faxed a letter of authority for third-party authorization to the client's mortgagee, so that Paxton could speak to the mortgagee about loan modification. On May 10, a KLC employee contacted the mortgagee and learned that it would not consider loan modification for the client because he had already modified his mortgage three times, but that he would qualify for a repayment plan. Paxton did not inform the client that he did not qualify for modification, but instead proceeded to process his file for a repayment plan with the mortgagee.

During the same time period, the client failed to respond to requests and inquiries from KLC and failed to make all agreed-to monthly payments, resulting in KLC notifying the client in June 2018 that his case would be closed with the firm if payment was not received within ten days. On June 29, KLC notified the client that his case with the firm was being closed for non-payment. Neither Paxton nor KLC ever sent a mortgage modification package to the client's mortgagee between January and June of 2018.

On July 24, 2018, the mortgagee notified the client that his home was subject to a foreclosure sale scheduled for September 4, 2018. On July 31, the client notified KLC about the pending foreclosure sale and date, and signed another attorney-client agreement with KLC, agreeing to pay his outstanding balance and a "requalification fee," totaling $900, to have his case reopened. On August 1, Paxton wrote to the client, introducing herself as "the local attorney in the State of Georgia, working . . . on your file for a loan modification/foreclosure defense." The client paid $500 to KLC on August 3, but did not provide necessary documentation, and he

3

spent several days that month in the hospital with a head injury. On August 31, the client called KLC and expressed concern because his home was still being advertised for the foreclosure sale on September 4; KLC sent the client an e-mail informing him that nothing would be done for him because he had not paid the full amount owed; and the client paid the additional $400 to KLC. That same day, KLC e-mailed Paxton about the matter, and Paxton e-mailed the client, informing him that she could not travel to Brunswick to file for bankruptcy to head off the foreclosure because she was out of town, but that she had completed and attached an Emergency Chapter 13 Bankruptcy petition, which she informed him he needed to file by the morning of September 4. The client was unable to print the petition, and therefore filled out his own pro se petition and filed it on September 5. The client's home was sold at the scheduled foreclosure sale on September 4.

In October 2018, the client contacted Atlanta Legal Aid, and a Legal Aid attorney sent written requests to Paxton for information regarding the client's case on October 18 and November 1, 2018 and

4

again on February 13, 2019. Paxton finally responded on February 18, 2019, stating that she was "in the middle of loan modification efforts" when the mortgagee foreclosed on the client's home. The Legal Aid lawyer asked Paxton for additional information and documents, but Paxton never responded. Nevertheless, Legal Aid was able to work out a deal with the mortgagee permitting the client to rent-to-own his home.

The client filed a grievance against Paxton in April 2019. On October 30, 2020, Paxton refunded the client's money as requested by the Assistant General Counsel to the Bar.

Paxton asserts that her failures were based on a business model that left too much of the handling of client matters in the hands of non-lawyers several states away whom she did not supervise or employ, which caused the client's case to fall through the cracks to his detriment. She asserts that she has terminated her relationship with KLC.

Paxton admits that she violated Rule 1.2 (a), insofar as she failed to abide by her client's decisions concerning the scope and

objectives of representation; she violated Rule 1.2 (c), insofar as the limitations on her representation of the client were unreasonable; she violated Rule 1.3, insofar as she was not sufficiently diligent on behalf of the client; and she violated Rule 1.5 (e), insofar as she did not advise the client about the division of fees between her and KLC, that division was not proportionate, and the total fee was unreasonable. Paxton acknowledges that the maximum punishment for a single violation of Rules 1.2 (a), 1.2 (c), and 1.3 is disbarment, and that the maximum punishment for violating Rule 1.5 (e) is a public reprimand. Paxton asserts that generally, a reprimand is appropriate under the American Bar Association Standards for Lawyer Discipline for misconduct, such as hers, which violated such rules out of negligence, rather than knowingly or habitually. See, e.g., ABA Standards 4.42 and 4.63. Paxton concedes, in aggravation of punishment, that she has substantial experience in the practice of law. See ABA Standard 9.22 (i). In mitigation, Paxton asserts that she has no prior disciplinary record, had no dishonest or selfish motive, has had a cooperative attitude

toward the disciplinary proceedings by submitting this petition for voluntary discipline prior to commencement of formal Bar proceedings, has otherwise exhibited good moral character, has a positive reputation, and is remorseful. See ABA Standard 9.32 (a), (b), (e), (g), and (l). Based on the foregoing, Paxton requests a Review Board reprimand.

The State Bar filed a response consenting to Paxton's petition for voluntary discipline by Review Board reprimand. The Bar's only substantive addition was to submit the aggravating factor of "vulnerability of victim," see ABA Standard 9.22 (h), which also applies in this matter.

Having reviewed the record, the Court agrees that the imposition of a Review Board reprimand is an appropriate sanction in this matter. See, e.g., *In the Matter of Fisher*, 311 Ga. 77 (855 SE2d 640) (2021) (accepting petition for voluntary discipline and imposing a Review Board reprimand for an attorney who repeatedly failed to appear at hearings on a client's foreclosure case, resulting in foreclosure of the client's property in violation of Rules 1.3, 1.4 (a)

(3), and 9.3, where attorney had substantial experience, but multiple mitigating factors existed); *In the Matter of Gantt*, 305 Ga. 722, 722-723 (827 SE2d 683) (2019) (accepting petition for voluntary discipline and imposing a Review Panel reprimand for an attorney who failed to timely perform work on a client's case and failed to adequately communicate with the client in violation of Rules 1.2, 1.3, 1.4, and 1.5, where the attorney had substantial experience and a prior disciplinary history, but many similar mitigating factors existed); *In the Matter of Brown*, 296 Ga. 439, 439-441 (768 SE2d 456) (2015) (accepting petition for voluntary discipline and imposing a Review Panel reprimand for an attorney who failed to timely contact an incarcerated client, failed to serve the client with a motion to withdraw, and failed to ensure a successor counsel was in place before withdrawing in violation of Rules 1.2 (a), 1.3, 1.4, and 1.16 (d), where there were many similar mitigating factors and no aggravating factors). Accordingly, we accept the petition for voluntary discipline and direct that Misty Oaks Paxton receive a

Review Board reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b).

*Petition for voluntary discipline accepted. Review Board reprimand. All the Justices concur.*

Decided April 19, 2021.

Review Board reprimand.

*Wilson, Morton & Downs, James E. Spence, Jr.*, for appellant.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.