NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: April 19, 2022

S22Y0508. IN THE MATTER OF DEBRA KAYE SCOTT.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by respondent Debra Kaye Scott (State Bar No. 631980) before the issuance of a formal complaint. See Bar Rule 4-227 (b). In the petition, Scott, who has been a member of the Bar in the State of Georgia since 1994, agrees to accept the imposition of a State Disciplinary Review Board reprimand as discipline for her admitted violation of Rule 1.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), in one disciplinary matter and of Rule 1.5 (b) of those same rules in a separate disciplinary matter. The maximum penalty for a violation of Rule 1.4 or 1.5 (b) is a public reprimand. The State Bar of Georgia agrees that a Review Board reprimand is appropriate, and for the reasons that follow, we accept the petition for voluntary discipline.

In her petition, Scott admits that, in February 2018, a client hired her and paid her a $3,000 retainer for representation in an employment discrimination case against the client's employer; that the client paid an additional $10,000 fee in July 2018; and that, although Scott believed the amount to be an additional retainer, the client had a different understanding based on their verbal communications. Scott has since refunded the client the $10,000, but admits that she should have provided the client with a written explanation of the basis for the fee. Scott admits that the above-described actions amount to a violation of Rule 1.5 (b) (lawyer shall communicate to the client, preferably in writing, the scope of the representation, the basis or rate of the fee and expenses for which the client will be responsible, and any changes in the basis or rate of the fee or expenses).

Scott further admits that she began representing a different client with regard to on-going workplace issues and an employment discrimination case against his employer in February 2018 and that, over the course of the representation, she was paid a total of $12,000

2

for legal services. In a scheduling order issued in the discrimination case, the court set a deadline for the parties to file their witness and exhibit lists. Prior to the deadline, Scott discussed the presentation of evidence and corresponding strategy with the client, but they disagreed on the relevance of many of the witnesses and documents. Because the disagreement could not be resolved, Scott deferred to the client and requested that he provide her with a list of the specific documents, witnesses, and proposed testimony he wished to submit, but he failed to provide any information until well after the deadline. Because the witness and exhibit lists were not submitted by the deadline, the court entered a dismissal order. Scott admits that, given the gravity of the situation, she should have made a substantial effort to discuss the issues in person with the client in the immediate lead-up to the deadline. Scott admits that the above-described actions amount to a violation of Rule 1.4 (lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished and shall keep the client reasonably informed about the status of the matter).

Noting that the ABA Standards are instructive in determining the appropriate sanction in disciplinary cases, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), Scott implies that her mental state was merely negligent, rather than intentional; asserts in mitigation that she has no prior disciplinary record and that she lacked a dishonest or selfish motive, see ABA Standards 9.32 (a) and (b); and seeks a Review Board reprimand as discipline for her actions. She notes that similar cases have resulted in similar discipline. See *In the Matter of Leslie*, 300 Ga. 774 (798 SE2d 221) (2017) (reprimand from Review Board's predecessor for violations of Rules 1.3, 1.4, and 3.2 involving extensive delay in attending to client matters and failure to communicate with the client); *In The Matter of Gantt*, 305 Ga. 722 (827 SE2d 683) (2016) (same for attorney's violations of Rules 1.2, 1.3, 1.4, and 1.5 by failing to perform necessary work in a timely fashion and inadequately communicating with the client); *In the Matter of Jones*, 299 Ga. 736 (791 SE2d 774) (2016) (same for attorney's violations of Rules 1.3, 1.4, and 9.3 by failing to file a complaint and accurately keep the

client informed of the status of his case in one matter and failing to file a timely, sworn answer to the Bar's notice of investigation of another matter).

The Bar has responded to Scott's petition, agreeing that her mental state was negligent; asserting that Scott's substantial experience in the practice of law should be considered an aggravating factor in determining discipline, see ABA Standards 9.22 (i); but also setting out as additional mitigating factors that Scott has made a good faith effort to make restitution and that she has continually expressed remorse for her actions. See ABA Standards 9.32 (d), (l). Ultimately, the Bar does not oppose Scott's petition or the discipline proposed therein and asserts that the interests of the public will be served if the requested discipline is imposed.

We have reviewed the record and agree that the imposition of a Review Board Reprimand is adequate discipline for the violations set out in the petition for voluntary discipline. Accordingly, we accept Scott's petition and direct that she receive a Review Board

5

reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b)

for her admitted violations of Rules 1.4 and 1.5 (b) of the Georgia

Rules of Professional Conduct.

*Petition for voluntary discipline accepted. Review Board reprimand. All the Justices concur.*