**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: February 18, 2025

S25Y0264.  IN THE MATTER OF CHADRICK A. MANCE.

PER CURIAM.

This disciplinary matter is before the Court on a petition for voluntary discipline filed by Chadrick A. Mance (State Bar No. 703877) prior to the issuance of a formal complaint. See Bar Rule 4-227 (b) (2). In his petition, which concerns State Disciplinary Board Docket No. 7938, Mance, who has been a member of the State Bar of Georgia since 2013, admits that he violated Rule 1.1 of the Georgia Rules of Professional Conduct ("GRPC"), see Bar Rule 4-102 (d), and requests that this Court impose a public reprimand for his conduct. The State Bar has responded to Mance's petition, recommending that the Court accept the proposed discipline, and we agree to do so.

In his petition, Mance admits the following. On January 22, 2024, at 11:11 a.m., he filed a "56 (f) Motion to Stay Summary Judgment Ruling" pursuant to OCGA § 9-11-56 (f) in a case he was handling for the plaintiff, requesting the trial court to stay a ruling on the defendants' motion for summary judgment until certain discovery issues were resolved. Mance attached Exhibits A and B to the motion. Exhibit A was his affidavit, and Exhibit B was a proposed order. The cover page for Exhibit B labeled the document to follow as a "Proposed Order." However, the document itself did not contain the word "Proposed" and included a cut-and-pasted signature of the judge assigned to the case and contained the language "Prepared by: Chadrick Mance (with significant revisions by the Court)."

Five minutes after filing the motion, Mance emailed a copy of the motion and proposed order to the judge's staff attorney as well as to opposing counsel. In the subject line and body of the email, Mance informed the recipients that he had included a copy of "our Proposed Order." Later that day, defense counsel sent an email to

2

Mance and the judge's staff attorney stating, "[t]hese Proposed Orders have the Judge's signature on them. Has he signed one? We obviously would like the opportunity to respond to the Motion." Mance promptly replied to confirm that the judge had not signed anything.

Two days later, the trial court held a hearing to address Mance's unauthorized use of the judge's signature. Mance explained to the trial court that, by including a pre-executed order for the trial court's consideration, he believed he was "increasing the efficiency" of his filings. Mance further explained his understanding that there would be no enforceable order unless and until it was adopted by the trial court.[1] Mance apologized to the trial court and opposing counsel and accepted responsibility for his actions. The trial court accepted Mance's apology but stated that it would inform the State Bar.

---

[1] Mance explained at the hearing that his "intention . . . was to prepare an order that was so well drafted, that the Court could look at it quickly and say this the type of order that I would draft, and that it's the type of order that is a balanced order, and it is an honest order . . . ." We note, however, that a lawyer who submits a proposed order should not include language indicating that "significant revisions by the Court" were made.

Shortly thereafter, the trial court entered its own order granting the requested relief.

By his conduct, Mance admits that he did not provide competent representation and that he violated Rule 1.1[2] of the GRPC. Mance maintains that he did not violate Rule 8.4 (a) (4)[3] of the GRPC, given that it was never his intent to deceive the Court or opposing counsel. See *In the Matter of Woodham*, 296 Ga. 618, 625 (769 SE2d 353) (2015) ("Rule 8.4 (a) (4) prohibits 'professional conduct involving dishonest[]y, fraud, deceit or misrepresentation,' *that is, conduct that is intended or likely to mislead another*." (emphasis supplied). Mance also asserts that his conduct was not likely to mislead the recipients. Mance contends that, despite the

---

[2] Rule 1.1 provides, "[a] lawyer shall provide competent representation to a client. Competent representation as used in this rule means that a lawyer shall not handle a matter which the lawyer knows or should know to be beyond the lawyer's level of competence without associating another lawyer who the original lawyer reasonably believes to be competent to handle the matter in question." Comment 5 to Rule 1.1 provides that "[c]ompetent handling of a particular matter includes . . . use of methods and procedures meeting the standards of competent practitioners."

[3] Rule 8.4 (a) (4) provides that it is a violation of the GRPC "for a lawyer to . . . engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation." As discussed later, the State Bar decided not to charge Mance with a Rule 8.4 (a) violation.

absence of any improper motive, he now realizes that he acted in "extremely poor form" and that he should never include the purported signature of a judge, attorney, or other individual without their prior express approval.

Although Mance acknowledges that the maximum punishment for a violation of Rule 1.1 is disbarment, he requests that this Court impose a public reprimand for his violation of the Rule, noting that the ABA Standards for Imposing Lawyer Sanctions state that a reprimand is generally appropriate when a lawyer "demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client." ABA Standard 4.53 (a).[4] Mance contends that he acted negligently and that there was no actual injury to the client because the trial court ultimately entered its own order granting Mance's requested relief. In mitigation of his conduct, Mance asserts that he made a timely good faith effort to

[4] This Court generally looks to the ABA Standards for guidance in determining the appropriate sanction to impose, and in doing so, we may consider the duty violated, the lawyer's mental state, the actual or potential injury, and the existence of aggravating and mitigating circumstances. See *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996).

5

rectify the consequences of his conduct when he promptly replied to the inquiry regarding whether the trial court had signed the order, see ABA Standard 9.32 (d); he has shown full and free disclosure to both the trial court and the State Bar and displayed a cooperative attitude throughout the disciplinary proceedings, see ABA Standard 9.32 (e); he has exhibited good moral character and reputation as demonstrated by the letters attesting to his good character that he attached to his petition,[5] see ABA Standard 9.32 (g); and he is remorseful and has acknowledged the nature of his wrongdoing, see ABA Standard 9.32 (l). Mance conceded the following aggravating factors: he previously received a confidential letter of admonition in March 2019, see ABA Standard 9.22 (a),[6] and he has substantial

---

[5] These letters, from lawyers and a retired judge, detail Mance's remorse, his extensive community service, his work ethic, his commitment to, and compassion for, his clients, and the positive reputation he enjoys among the legal profession in his community.

[6] See Bar Rule 4-208 (waiving the confidentiality of confidential discipline in the event of a subsequent disciplinary proceeding and allowing that information to be used in aggravation of discipline). The letter of admonition cited Mance's actions in agreeing "to represent [a client] in litigating a personal injury case in which you had no experience and when you failed to maintain an association with an attorney who did have such experience," which violated Rule 1.1. According to the letter of admonition, Mance, who was not aware of alternatives that would protect his client's

experience in the practice of law, having been admitted to the State Bar in 2013, see ABA Standard 9.22 (i).

In response, the State Bar agrees that Mance's petition contains admissions of fact and conduct sufficient to authorize the imposition of the discipline he has requested, given that Mance violated the duty of competence by cutting and pasting the signature of the judge onto the proposed order he attached as an exhibit to his motion. The State Bar does not oppose Mance's requested sanction of a public reprimand; states that the imposition of the discipline sought by Mance meets the objectives to serve as "a penalty to the offender, a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession," *In the Matter*

---

privileged information, also filed into the record a transcript of a conversation with the plaintiff's treating physician that contained confidential information harmful to the plaintiff's case. See Rule 1.6 (lawyer "shall maintain in confidence all information gained in the professional relationship with a client, including information . . . the disclosure of which . . . would likely be detrimental to the client, unless the client gives informed consent"). Finally, the letter of admonition cited Mance's behavior, including having filed last minute requests for a continuance, that resulted in the disruption of the proceedings. See Rule 3.5 (d) (lawyer shall not "engage in conduct intended to disrupt a tribunal").

*of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981); and explains its decision not to charge Mance with violating Rule 8.4 (a) (4), stating that it "does not believe the evidence in this case would allow the State Bar to carry its burden" of showing that Mance engaged in conduct involving fraud, deceit, or misrepresentation evidencing either moral turpitude or an intention to mislead. . The State Bar also agrees with Mance that a reprimand is generally appropriate where, as here, a lawyer fails "to understand relevant legal doctrines or procedures and causes injury or potential injury to a client." ABA Standard 4.53 (a). Although the State Bar contends that Mance acted knowingly rather than negligently, it nevertheless states that its disagreement about Mance's mental state does not change the presumptive level of discipline under ABA Standard 4.53 (a) because that Standard does not impose any mens rea requirement. The State Bar accepts all the mitigating and aggravating factors identified by Mance and adds that an additional mitigating factor is present in that there appears to be no evidence that would support a finding

8

that Mance possessed a dishonest or selfish motive. See ABA Standard 9.32 (b).

The State Bar agrees with Mance that a public reprimand is consistent with prior discipline imposed in cases alleging violations of Rule 1.1, citing *In the Matter of Detling*, 289 Ga. 256 (710 SE2d 566) (2011) (accepting petition for voluntary discipline and imposing a review panel reprimand for a violation of Rule 1.1 where an attorney negligently issued an opinion letter attesting that he possessed no knowledge that might materially affect the business's right to carry on business or its financial condition despite knowledge that the business's principal faced federal criminal charges, where attorney lacked dishonest motive and had a good reputation, and where no actual injury occurred, and where attorney had no prior disciplinary history); *In the Matter of Smart*, 303 Ga. 156 (810 SE2d 475) (2018) (imposing a review panel reprimand where attorney defaulted under a notice of discipline seeking review panel reprimand and alleging violations of Rules 1.1, 1.2 (a), 1.3, and 1.4, and where attorney, who had no prior

disciplinary history, was not diligent in representation of client and client's son before Georgia Department of Education, selfishly misled client about his lack of diligence, and hearing officer dismissed proceeding with prejudice as a result of attorney's misconduct).[7]

The State Bar contends that the facts of this case are unlike the cases involving violations of Rule 1.1 that resulted in suspension, citing *In the Matter of Whiteside*, 316 Ga. 468 (888 SE2d

---

[7] Although the lawyers in *Detling* and *Smart* had no prior disciplinary history when a review panel reprimand was imposed for their Rule 1.1 violations, and Mance does have a prior confidential disciplinary infraction, we nonetheless conclude that a public reprimand is the appropriate discipline given the unique facts and circumstances in this case. See *In the Matter of Vincent*, 320 Ga. 1 (907 SE2d 590) (2024) (accepting petition for voluntary discipline and imposing public reprimand where attorney on three occasions failed to deposit, in his trust account, advance payments of recording fees and fees for publication notices and where he had prior 12-month suspension 10 years earlier, but several mitigating factors were present); *In the Matter of Boyd*, 317 Ga. 669, 673 (895 SE2d 308) (2023) (accepting petition for voluntary discipline and imposing public reprimand based on attorney's actions in essentially allowing out-of-state law firm to "'rent' her law license to market its mortgage modification services in Georgia" and her misleading communications with clients, where she had one prior disciplinary sanction, and there were several mitigating factors); *In the Matter of Gantt*, 305 Ga. 722 (827 SE2d 683) (2019) (accepting petition for voluntary discipline and imposing review panel reprimand where lawyer neglected client matter, causing significant delay in proceedings, and where lawyer had prior instance of public disciplinary sanction and there were several mitigating factors).

10

541) (2023) (accepting petition for voluntary discipline and imposing a three-month suspension for an experienced attorney with no prior disciplinary history who violated several rules, including Rules 1.1 and 8.4 (a) (4), where attorney who lacked relevant experience should have declined to represent a client in a medical malpractice case, allowed the statute of limitation to run due to his incompetence, attempted to cover up his mistakes, misled his client, failed to consult with client in the malpractice action, represented the same client in a divorce case but failed to consult with the client about that case and neglected the divorce case). The State Bar also contends that this case differs from instances where an attorney forged a judge's signature and actually tendered a document into the record as the official ruling of the court, seeking to utilize the document that the judge never signed as the actual expression of the judge's decision, citing *In the Matter of York*, 318 Ga. 784 (900 SE2d 614) (2024) (rejecting petition for voluntary discipline seeking three-year suspension nunc pro tunc to the date that lawyer voluntarily ceased practicing law where lawyer was charged with felony forgery

11

based on forging signatures of judge and district attorney and where lawyer entered 36-month pretrial diversion program that was not yet completed); *In the Matter of Rogan*, 309 Ga. 583 (847 SE2d 308) (2020) (accepting voluntary surrender of license for lawyer who knowingly signed a judge's initials to an order without obtaining the judge's permission, was indicted for forgery in the first degree, and later entered a First Offender plea of nolo contendere to obstruction of officers). Thus, the State Bar recommends that the Court accept Mance's petition for voluntary discipline and impose as discipline a public reprimand.

We have reviewed the record and agree with the State Bar that the imposition of a public reprimand is an appropriate sanction in this matter for Mance's admitted violation of Rule 1.1, as the facts of this matter show that Mance immediately corrected any misapprehension caused by including the trial judge's signature on the "proposed order" and apologized to the trial court and opposing counsel. We also note that Mance's actions did not cause any actual harm to his client. Finally, we note that Mance's prior disciplinary

history stemmed from conduct from fairly early in his career, that he has not had any disciplinary infractions until the conduct underlying this matter, and that he has been cooperative in these proceedings.[8]

Accordingly, the Court accepts Mance's petition for voluntary discipline and hereby orders that Chadrick A. Mance receive a public reprimand in accordance with Rules 4-102 (b) (3) and 4-220 (c) for his admitted violation of Rule 1.1.

*Petition for voluntary discipline accepted. Public Reprimand. All the Justices concur.*

---

[8] However, we note that another disciplinary infraction may subject Mance to enhanced punishment under Rule 4-103 ("A finding of a third or subsequent disciplinary infraction under these Rules shall, in and of itself, constitute discretionary grounds for suspension or disbarment.").